## Kaylock Unemployment Compensation Case.

Argued March 22, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*John J. Kaylock,* appellant, in propria persona.

*William L. Hammond,* Special Deputy Attorney General, with him *T. McKeen Chidsey,* Attorney General, and *Richard H. Wagner,* for appellee.

OPINION BY ARNOLD, J., July 15, 1949:

In this unemployment compensation case the claimant was denied compensation by the bureau, the referee and the Board of Review on the ground that the claimant voluntarily left his work in Stouffer's restaurant, Philadelphia, without good cause.

The claimant was working at an hourly rate, eight hours a day, six days a week, with time and one-half for overtime. He also received two or three meals on each work day.

In September, 1947, his employer changed the method of work to a five day week of 45 hours, with time and one-half for all hours over 40, plus an increase of one or two cents per hour to adjust weekly wages to approximately what they had been before. Under the new plan the employe did not receive meals on one day a week which he had previously received.

The plan was accepted by all of the employes except the claimant, who insisted that his cash earnings would be reduced and that he would suffer a further loss because of the meal situation, and contended that the employer should have used a different wage plan.

Without giving the employer's new plan a trial, which would have determined whether his earnings were reduced, the claimant failed to report for work on September 29, 1947, without giving any notice.

The triers of the facts found, inter alia, that under the new schedule and plan the claimant's wages would have been approximately the same as those paid under the old method. The findings of fact are based on competent testimony and the courts are without power to change them. The only question to be determined is whether the claimant's reason for leaving, i.e., his disaffection with the employer's new plan, constituted "good cause" for leaving, within the meaning of §402 (b) of the Act (43 PS §802). In *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 557, 45 A. 2d 898, we said that the employe's decision must be motivated by substantial, and not trifling, matters, and must be reasonable and not whimsical; and that a worker leaves with good cause if "he is compelled to do so by necessitous circumstances or because of legal or family obligations."

This claimant's reasons for leaving were not substantial nor reasonable. He was not compelled to leave by necessitous circumstances nor because of legal or family obligations. As bearing on the reasonableness of the claimant's decision, the board found as a fact that all of the other employes accepted the new system and agreed to try it.

The claimant did not meet the burden which was on him to show that his conduct met the standards of ordinary common sense and prudence, and that he acted with good faith. Incidentally, it would be well if the

unemployment compensation authorities would, in cases of this nature, make a specific finding as to the claimant's good faith or the lack of it, even though, as here, absence of good faith is necessarily implied.

Decision affirmed.