Opinion by
 

 Hirt, J.,
 

 Claimant, the appellant here, separated from her employment on January 3, 1949. She registered for work and filed a compensation claim for the week ending January 28, 1949, following her waiting week ending January 21, 1949. The bureau disallowed the claim on the ground that claimant voluntarily left her employment without good cause within the meaning of §402(b) of the Unemployment Compensation Law, as amended by the Act of June 30, 1947, P. L. 1186, 43 PS §802. The Referee affirmed the decision denying the claim. On appeal and after further hearing the Unemployment Compensation Board of Review substituted its findings for those of the Referee but arrived at the same conclusion that claimant was not entitled to benefits under the provisions of §402(b), and affirmed the Referee’s decision.
 

 Claimant had been employed for about five years as a “drop wire” employe in defendant’s silk mill. Her duty, as we understand it, was to place “drop wires” on the threads of the warp at the back of the looms. When a thread broke a “drop wire” would fall and automatically stop the electrically operated machine. She testified that for about a year she had a girl helper to assist her but the girl ivas not an experienced worker and claimant had asked for additional help to service an increased number of looms assigned to her. The foreman did not agree that additional help was necessary and refused her request. On arrival at her home, after completing her eight hour shift on January 3, 1949, she
 
 *357
 
 called lier foreman by telephone and advised him that she was not going to report for work thereafter. Claimant never returned to work. At the hearings in this proceeding she produced a certificate of her doctor stating that she had been under his care since December 1948. She testified that she did not discuss her job with him and had not informed him as to the nature of her work, lie advised her “to take it easy” but did not tell her to quit her job nor certify that she was unable to work during the period. On findings to the above effect the Board stated: “Under all the circumstances, we are not convinced that the claimant had a compelling and necessitous reason for leaving. We, therefore, conclude that the claimant is ineligible under the provisions of Section 402(b) of the law”, and on that ground the Board affirmed the Referee.
 

 The burden was on claimant to establish good cause for voluntarily leaving her work:
 
 Kaylock Unemploy. Compensation Case,
 
 165 Pa. Superior Ct. 376, 67 A. 2d 801. To quote from
 
 Sturdevant Unemployment Comp. Case,
 
 158 Pa. Superior Ct. 548, 557, 45 A. 2d 898: “. . . if a worker leaves his employment when he is compelled to do so by necessitous circumstances . . . his leaving is voluntary with good cause, and under the act he is entitled to benefits”. Claimant in this case has not established such “necessitous circumstances”. There were complaints from some of the weavers, according to claimant’s testimony, that she was delaying them in their work by her inability to drop wires on their looms as expeditiously as they would have liked. But neither these complaints nor the ill feeling of one of the weavers toward claimant engendered on that score, constituted good cause for her leaving. There was no request from her foreman, who was also manager of the plant for the owners, that she drop wires on more looms than she was normally capable of doing in a day’s work. She had no
 
 *358
 
 complaint as to her foreman. She said: “He was a wonderful boss” and her own testimony indicates that he was considerate of her. Since he was willing to retain her and pay her regular wages on the basis of the work which she was capable of doing there was no compelling reason in law for her separation.
 

 The findings of the Board are supported by the evidence and they are binding upon us. Act of December 5, 1936, P. L. (1937) 2897, §510, 43 PS §830. The findings are consistent with each other and with the conclusions of the Board and the order therefore must be affirmed.
 
 Lavely Unemployment Comp. Case,
 
 163 Pa. Superior Ct. 66, 60 A. 2d 352;
 
 Filchock Unemployment Comp. Case,
 
 164 Pa. Superior Ct. 43, 63 A. 2d 355.
 

 Order affirmed.