Wolfson Unemployment Compensation Case.

Argued September 28, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Robert C. Grasberger*, with him *Henry & Griffiths*, for appellant.

*William L. Hammond*, Special Deputy Attorney General, with him *Roland M. Morgan*, Associate Counsel and *Charles J. Margiotti*, Attorney General, for appellee.

OPINION BY HIRT, J., November 14, 1950:

The Board refused the appellant's claim for unemployment benefits on the ground that leaving her employment was voluntary on her part and without good cause, within the meaning of §402(b) of the Unemployment Compensation Law as amended by the Act of June 30, 1947, P.L. 1186, 43 PS §802.

These facts are undisputed: Claimant had been employed by Luz Luball, Inc., as a saleswoman for almost fifteen months. She originally applied for work on a part time basis and she accepted employment on her understanding that she was to work but three days a week. But immediately after she was hired, she acceded to her employer's request that she work five days each week, with Thursday as her day off. There is no evi-

dence of an agreement that her status then was that of a part time employe. On occasion thereafter her employer requested her to work on Thursdays also and for about two months within the period of her employment she worked on a full weekly schedule of six days. Early in June 1949 claimant's employer informed her that her *regular* schedule thereafter was going to be changed to a six-day week. Claimant refused to accept the changed schedule as a regular assignment, for the reason alleged that she would be unable to perform her regular household duties. She quit rather than work an additional day every week. She is married and her husband is employed. She has three children, 11, 14 and 17 years of age. But it was not necessary that she care for them since the eldest was able and competent, and had been looking after the two younger children. Findings to the above effect, in material respects, have not been questioned by appellant; no exceptions were taken to the findings and since they are based on sufficient competent testimony they are binding upon us, under §510 of the Act of December 5, 1936 P. L. (1937) 2897, 43 PS §830; *Kaylock Unemploy. Compensation Case,* 165 Pa. Superior Ct. 376, 67 A. 2d 801..

The burden was on claimant to establish good cause for leaving her work, since she left voluntarily. *Wescoe Unemployment Comp. Case,* 166 Pa. Superior Ct. 355, 71 A. 2d 837. And under the circumstances, in determining whether she quit her job voluntarily without good cause, it becomes necessary, under the provisions of §402(b), to determine whether the Board was right in its conclusion that the offered employment for a full six-day week was suitable work within the purview of §4(t) of the Act, as amended May 23, 1949, P.L. 1738, 43 PS §753.

We have recognized that "good cause" under the Unemployment Compensation Law need not necessarily arise out of the employment, to the exclusion of all ex-

traneous factors, including reasons personal to the claimant. *Teicher Unemployment Comp. Case,* 154 Pa. Superior Ct. 250, 35 A. 2d 739. But as was made clear by Judge RENO in *Sturdevant Unemployment Comp. Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898, personal reasons when asserted as "good cause" under the statute must be substantial reasons arising from the circumstances which fairly "compel the decision to leave employment"; and "always the element of good faith" must be considered in determining whether the excuse for leaving is adequate.

The present claimant does not contend that it was necessary for her to leave her work to take care of her children. And the sole reason advanced by her for refusing the proffered employment on a full time basis was that she needed one day a week to do her housework. Many married women are away from home for 44 hours each week in outside employment and still are able to do their housework. And if this claimant found that impossible she might have engaged another for one day in the week to do the housework which she had previously performed on her day off. A married woman may leave her work voluntarily and with good cause because of domestic obligations which are necessitous and compelling. *Mattey Unemployment Comp. Case,* 164 Pa. Superior Ct. 36, 63 A. 2d 429. But clearly good cause under §402(b) for voluntarily leaving work, does not include the reason advanced by the present claimant based solely on matters of personal convenience to her. Compulsion in a fair degree and not convenience is the test.

The proffered work of the same kind which claimant had been performing was suitable employment. When she quit because unwilling to accept full time employment, she left her work without good cause within the intent of §402(b) of the Act.

Order affirmed.