McGuire, Appellant, *v.* Unemployment Compensation Board of Review.

Argued March 21, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*Levy Anderson,* with him *Isidor Ostroff* and *Abraham Teitelbaum,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, and *Roland M. Morgan,* Associate Counsel, for appellee.

OPINION BY GUNTHER, J., July 19, 1951:

This is an appeal by the claimant from the decision of the Unemployment Compensation Board of Review

denying benefits. The compensation authorities concluded that claimant was ineligible for compensation under §402 (b) of the Unemployment Compensation Law for voluntarily leaving work without good cause. The decision will be affirmed.

Claimant was employed by radio station WFIL-TV, Philadelphia as a television commentator at a salary of $50 per week to do a telecast show called "Meet Frances Maguire". This was a 15 minute show with three commercials. On November 9, 1949 claimant was advised that a fourth commercial had been added to the show thereby extending the telecast 5 more minutes. Claimant thereupon requested an increase in salary which the employer refused to grant. When this request was refused, claimant, of her own volition, resigned her employment even though continuing employment would have been available to her.

It is admitted by the claimant that she voluntarily left her employment. The question for determination therefore is whether claimant had good cause for leaving. Claimant contends that she had good cause for the reason that her employer added 5 minutes to the length of her program without increasing her compensation; that the additional 5 minutes doubled the preparatory work she was required to do. There is, however, no evidence establishing that this 5 minute increase in the length of the program created such a substantial change in her employment status or that she was compelled to leave because of necessitous circumstances. *Sturdevant Unemployment Compensation Case*, 158 Pa. Superior Ct. 548, 557, 45 A. 2d 898. Claimant testified that the 5 minute increase practically doubled the work she was required to do. There is evidence by the employer, however, that the claimant was employed to broadcast the program regardless of its length and that no agreement was made as to future payment. While the testimony is conflicting concerning the ar-

rangements made at the time of hiring, the compensation authorities reconciled this conflict against claimant and found as a fact that: "Claimant was hired as a television commentator at a salary of $50.00 per week to do a show called 'Meet Frances Maguire.' The show was originally presented as a fifteen minute telecast which included three commercials."

It may be conceded that for such additional services performed by the claimant she was entitled to receive added compensation. The claimant had a right to refuse to work unless her employer granted the requested wage increase. It does not follow however that such refusal of a wage increase, in these circumstances, placed claimant in a position where she was compelled to resign with good cause and thereby create a status of unemployment compensable within the purview of the Unemployment Compensation Law. The claimant's dissatisfaction with the conditions and terms of her employment here disclosed was not as claimant contends the criterion in determining the existence of good cause as would justify a claimant's giving up employment in order to accept benefits.

The findings of the Board that the additional time was not so great as to establish compelling and necessitous reasons for leaving her employment are amply supported by competent and credible evidence and are binding on us. *D'Yantone Unemployment Compensation Case,* 159 Pa. Superior Ct. 15, 46 A. 2d 525. The Board did not err in concluding that claimant was disqualified under §402 (b).

Decision affirmed.