Buletza Unemployment Compensation Case.

Argued November 11, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Mike Buletza,* appellant, in propria persona.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee, submitted a brief.

OPINION BY RHODES, P. J., December 29, 1953:

The claimant in this unemployment compensation case was last employed by the Iron City Sand and Gravel Company, of Pittsburgh, for a period of two days. He had previously been employed by the Mc-Crady-Rodgers Company, of Pittsburgh. Claimant

had a valid separation from his last employment but the compensation authorities found that he had voluntarily terminated his previous employment without good cause, and that under the factual situation he was not entitled to benefits. Claimant has appealed from the decision of the Unemployment Compensation Board of Review.

The total earnings of claimant with his last employer amounted to $29.95, which is less than eight times his weekly benefit rate. It was therefore necessary to determine whether he had a valid separation from his previous employment in order to ascertain whether he was qualified for compensation under section 401 (f) of the Unemployment Compensation Law of 1936 (1937), as amended, 43 PS §801 (f), which reads as follows: "Compensation shall be payable to any employe who is or becomes unemployed, and who— . . . (f) Has, subsequent to his voluntarily leaving work without good cause or to his discharge or suspension from work for willful misconduct connected with his work, been paid remuneration for services in an amount equal to or in excess of eight (8) times his weekly benefit rate."

Claimant had been employed by the McCrady-Rodgers Company for about six months. He worked on a river boat as a loader or fireman, and was engaged in dredging operations on the Ohio river. The work was confined to about two miles on the river. He lived on the boat and was paid on hourly wage of $1.30, with subsistence and quarters. A day and a half before his separation on November 4, 1952, he was classified as a deck hand at a wage of $1.17 an hour. He terminated his employment of his own accord on November 4, 1952, because of dissatisfaction with the reduction in wages, the living quarters on the boat, and the distance he had to travel to his home when he had time off from

his regular duties. He was unmarried and resided with his parents, who lived about seventy miles from where the boat usually docked. The compensation authorities found that, as claimant lived on the boat and went home only when he had time off from his regular duties, the distance traveled did not constitute good cause for the termination of his employment. The living conditions on the boat had remained the same during the entire period of his employment and no complaint was ever made to his employer. Claimant worked only a day and a half after the nature of his employment on the boat was changed. There was a decrease in the work as well as in the wages. If the small reduction in wages was the reason for his dissatisfaction, he could have continued to work temporarily while seeking other employment which would pay a higher wage. But the slight wage reduction furnished no reasonable, substantial, or necessitous reason for leaving his employment. Under the circumstances, as the compensation authorities found, the reduction and the change of status did not constitute good cause for termination of his employment. See *McGuire v. Unemployment Compensation Board of Review,* 169 Pa. Superior Ct. 467, 82 A. 2d 324; *Kaylock Unemployment Compensation Case,* 165 Pa. Superior Ct. 376, 67 A. 2d 801; *Dawkins Unemployment Compensation Case,* 358 Pa. 224, 237, 56 A. 2d 254.

It is obvious from the testimony that claimant became dissatisfied with the terms and conditions of his employment and therefore voluntarily separated therefrom. Claimant had an opportunity to continue his employment; he was not compelled to quit; and the conditions of which he now complains were never communicated to his employer. As a matter of fact, he gave notice to his employer that he was leaving, and the record does not disclose that he made any complaint

or assigned any reason therefor. He manifested no desire to remain employed. The finding that claimant voluntarily left his employment without good cause and therefore is not entitled to compensation benefits under section 401 (f) is sustained by the evidence.

Decision is affirmed.