Willis Unemployment Compensation Case.

Argued November 9, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Houston L. Willis,* in propria persona, submitted a brief.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY RHODES, P. J., January 14, 1955:

This is an appeal by claimant from a decision of the Unemployment Compensation Board of Review affirming the decision of the referee disallowing benefits on the ground that claimant had voluntarily left his employment without good cause within the meaning of section 402 (b) of the Unemployment Compensation Law of 1936, as amended, 43 PS §802 (b).

The Board adopted the referee's findings which are as follows:

"1. The claimant was last employed by the National Electric Products, Ambridge, Pennsylvania, as

a guard at $1.72½ an hour from January 25, 1952 to October 4, 1953. The claimant was on paid vacation from October 5 to October 9, 1953.

"2. The claimant was scheduled to return from his vacation on Monday, October 12; however, on Friday, October 9, 1953, Mr. Wallace, of the employer-company, contacted the claimant by telephone and informed him that he was to be laid off from the guard job because of a reduction in force, but that there was a possibility of the claimant obtaining employment in one of three departments; namely, the rocket department, the press room and the rubber mill. There was to be no reduction in salary.

"3. The claimant informed Mr. Wallace that he was still on vacation and could not come down to see about the employment. The claimant was then told to report for work on October 12th in the rocket department, with no reduction in salary.

"4. The claimant failed to report for work on October 12th and on October 13th, the employer sent the claimant a letter informing him that if he did not report for work on or before October 18th he would be considered a voluntary quit.[1]

"5. The claimant did not report for work and did not contact the employer as he was only interested in guard work, since that is what he was originally hired for. As a result of his failure to report for work or contact the employer, the claimant's employment was terminated.

"6. Work was available for the claimant in a different capacity, but at the same rate of pay. The claimant could have continued in his employment, but failed to do so."

---

[1] The testimony shows that this letter was not accepted at claimant's address.

The above findings contain all of the material facts, and there is no question but that they are supported by the evidence.

The burden of proof was on claimant to show that there was a justifiable reason or excuse for his failure to accept the continuing work offered to him by his employer when his employment as a guard came to an end. See *Kaylock Unemployment Compensation Case,* 165 Pa. Superior Ct. 376, 67 A. 2d 801; *Wescoe Unemployment Compensation Case,* 166 Pa. Superior Ct. 355, 71 A. 2d 837.

Obviously it was his own fault that he was unemployed. It is not denied that the offered work was suitable and that claimant could have remained employed, if he so desired, at the same or better wages. That he did not display good faith in not accepting any other work than guard duty is indicated by his own testimony and conduct. He testified that on October 14, 1953, two days after the end of his vacation period, he turned in his uniform without inquiring about any other employment. In this connection it is significant that on October 9, 1953, while still on paid vacation, he filed in the local office a claim for compensation. In his application he represented, contrary to the facts, that he was unemployed because "Laid off." See *Moorefield Unemployment Compensation Case,* 169 Pa. Superior Ct. 481, 484, 82 A. 2d 501.

Claimant was clearly ineligible for benefits as he severed the employment relationship without good cause, and the compensation authorities properly so ruled. *Spotts Unemployment Compensation Case,* 176 Pa. Superior Ct. 484, 487, 109 A. 2d 212.

Decision is affirmed.