## Drolles Unemployment Compensation Case.

Argued March 12, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Peter J. Drolles, Jr.,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY GUNTHER, J., July 17, 1956:

Peter J. Drolles, Jr., claimant, filed an application for benefits after his separation from employment with the Veterans Memorial Home Association in Weatherly, Pa.

The bureau disallowed the claim, holding that claimant voluntarily quit without good cause within the meaning of section 402 (b).

The decision of the bureau was affirmed and benefits denied. An appeal was filed and the board, after remanding the case for further testimony and basing its decision on the entire record, affirmed the referee. This appeal followed.

A resume of the testimony reveals that claimant was employed from August 1, 1954 as a steward and general maintenance man. He agreed to work seven days a week for $25 a week. Subsequent to January 1, 1955 he requested a salary raise and more time off. When the demands were refused the claimant gave notice of his intention to resign effective March 1, 1955. At a meeting of the association the resignation was accepted. When the claimant resigned, he had no prospect of other employment and did not secure work

until six months later. At the first hearing claimant stated that he would have retained his employment had he been granted a raise in salary; at the second hearing, however, he testified that he had had arthritis for two years and working seven days a week was too much. He also testified that, if given the opportunity, he would have returned to work under the same terms.

Section 402(b) of the Unemployment Compensation Law provides that:

"An employe shall be ineligible for compensation for any week—(b) In which his unemployment is due to voluntarily leaving work without good cause . . ." This court, in numerous decisions, has held that the claimant has the burden of proving good cause for quitting where the leaving is voluntary. See *Kaylock Unemployment Compensation Case,* 165 Pa. Superior Ct. 376, 67 A. 2d 801; *Wescoe Unemployment Compensation Case,* 166 Pa. Superior Ct. 355, 71 A. 2d 837; *McGuire v. Unemployment Compensation Board of Review,* 169 Pa. Superior Ct. 467, 82 A. 2d 324; *Buletza Unemployment Compensation Case,* 174 Pa. Superior Ct. 248, 101 A. 2d 447; and *Pusa Unemployment Compensation Case,* 178 Pa. Superior Ct. 348, 115 A. 2d 791. In the *McGuire* case, supra, claimant had been employed by a radio station at a specified salary and had resigned when refused an increase. This Court held that the board had not erred in concluding, as here, that claimant was disqualified under section 402 (b). The claimant's dissatisfaction with the conditions and terms was not the criterion in determining the existence of good cause in order to receive unemployment compensation. The board properly concluded that claimant must be denied benefits under section 402 (b), 43 PS §802 (b).

Decision affirmed.