## Cupo Unemployment Compensation Case.

286

Argued June 10, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Albert Cupo,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY ERVIN, J., September 11, 1958:

In this unemployment compensation case benefits were denied to the claimant-appellant by the Bureau of Employment Security, the referee and the Unemployment Compensation Board of Review, for the reason that he left his employment voluntarily without cause of a necessitous and compelling nature and was therefore barred from benefits under the provisions of §402(b) of the act. Section 402(b) of the Unemployment Compensation Law, as amended, 43 PS §802(b), provides: "An employe shall be ineligible for compensation for any week—

"(a) . . .

"(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and

compelling nature . . . Provided, That no employe shall be deemed to be ineligible under this subsection where as a condition of continuing in employment such employe would be required . . . to accept wages . . . not desired by a majority of the employes in the establishment or the occupation . . . and that in determining whether or not an employe has left his work voluntarily without good cause, the department shall give consideration to the same factors, insofar as they are applicable, provided, with respect to the determination of suitable work under section four (t); . . . ."

Section 4(t), as amended, 43 PS §753(t), is as follows: " 'Suitable Work' means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience . . . ."

Since the claimant admitted terminating his employment relationship, the only question is whether he did so without cause of a "necessitous and compelling nature."

The board found that the claimant was last employed by Molded Insulation Company as a general machine operator for eight and one-half years. It also found that "Claimant is suffering from a heart disease and because of the restrictions imposed because of the claimant's physical condition the claimant was hired by this employer for work which was extremely light in nature and work which was within the claimant's capabilities." It also found that the claimant voluntarily terminated his employment because he was dissatisfied with his rate of pay. It is the claimant's position that he terminated his employment because the duties involved were too strenuous for him due to his physical condition. The board, in commenting upon

this contention, said: "Initially, the claimant was hired by the employer and assigned to work which was of an extremely light nature, inasmuch as the employer knew of the restrictions imposed because of his physical condition. The record does not substantiate the claimant's contention that the work was too strenuous for him. We must conclude that the claimant voluntarily terminated his employment because he was dissatisfied with his rate of pay. Mere dissatisfaction does not constitute cause of a necessitous and compelling nature for leaving work and since the claimant failed to prove his duties were too burdensome for him, we must conclude that he is disqualified from receiving benefits under the provisions of Section 402(b) of the Law."

The burden of showing such circumstances as to justify the voluntary quitting of work was upon the claimant: *Goldstein Unemployment Compensation Case*, 181 Pa. Superior Ct. 255, 257, 124 A. 2d 401.

The credibility of the witnesses, the weight of their testimony and the reasonable inferences to be drawn from it are for the board. Our duty is performed by studying the testimony in the light most favorable to the party in whose favor the board has found, giving that party the benefit of every inference which can be logically and reasonably drawn from it. *Smith Unemployment Compensation Case*, 167 Pa. Superior Ct. 242, 243, 74 A. 2d 523.

There was sufficient credible evidence to substantiate the board's finding that the claimant terminated his employment because he was dissatisfied with his rate of pay and not because the work was too strenuous for him. In his written statement to the bureau claimant said: "I left because up until 2 years ago I was working overtime because I could make some extra money. They cut down on overtime to 40 hours. They cut out the profit [sharing] entirely. We were getting

a month's bonus & they cut it in half. With that cut and low wage it got the best of me and that's why I left."

The claimant testified as follows before the referee: "Q. In your letter here you complained that you were working overtime and they cut it out and cut your bonus out and that's why you left because you were not making enough money. Now you are saying you left because you were not able to do the work. A. When I am sick I am out and don't get paid for it. When I was not sick I wanted to make up for what I lost. I wasn't able to make that up here lately. Before I was able to do that. Q. Actually you didn't leave because you couldn't do the work, it was because you were not making enough money? A. No. They were good to me. . . . Q. Did you discuss with this company the possibility of taking a leave of absence and see what would happen then? A. I don't remember. (To EMPLOYER: 'Did I?') I knew that wouldn't have done any good because when I came back. It wasn't a question of coming back to an easier job. The job was easy enough. I wouldn't have gotten any more money. That was one of my major gripes. Q. Because you were not making enough money? A. That's right. Q. That's the point. In the Bureau's interview you raised the issue you were not making enough money, that the work was easy enough for you. You have said today before that, because you had to take time off from time to time, your net income was not high enough for you to live on. A. I felt others all around me were getting more money. I was getting paid less than anybody in the shop. Q. Your real reason is as you indicated. A. The real reason is everything." While the claimant went on further and claimed that his real reason for leaving was his health, there was sufficient credible evidence to justify the board's finding that the real reason for

the claimant's leaving was that he was not making enough money. The dissatisfaction with his wages was not sufficient justification for the claimant to quit under the circumstances involved in this case: *McGuire Unemployment Compensation Case,* 169 Pa. Superior Ct. 467, 82 A. 2d 324; *Pusa Unemployment Compensation Case,* 178 Pa. Superior Ct. 348, 115 A. 2d 791; *Bee Unemployment Compensation Case,* 180 Pa. Superior Ct. 231, 119 A. 2d 558.

The fact that claimant was receiving lower wages than other employes in the establishment did not make his work unsuitable. He was not capable of performing the strenuous work which other employes in normal health could perform nor was he capable of working continuously. This claimant, because of his heart condition, was under par when employed and continued to be under par throughout the eight and one-half years of employment with this employer. This fact was well known to all parties concerned. It was for this reason that the employer furnished working conditions which were suitable to this employe. From time to time it was necessary for the claimant to go on sick leave. The employer kept his position open and awaited his return upon each of these occasions. The record clearly indicates that the employer understood and sympathized with the claimant's physical condition. A thorough review of the entire record conclusively indicates that the real reason for claimant's quitting was his dissatisfaction with wages. Under the circumstances of this case this reason is devoid of the urgency and compulsion necessary to convert a voluntary separation into an involuntary unemployment within the meaning of the Unemployment Compensation Law.

Decision affirmed.