Harne Unemployment Compensation Case.

Argued December 15, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Thomas J. MacBride*, with him *Ullman & MacBride*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Thomas D. McBride*, Attorney General, for appellee.

OPINION BY ERVIN, J., March 18, 1959:

The claim of John Floyd Harne for unemployment compensation was denied by the bureau. The referee reversed the bureau's decision and allowed benefits. The Board of Review reversed the decision of the referee and determined that the claimant was ineligible to receive benefits under the provisions of §402(b) of the Act of 1936, P. L. [1937] 2897, 43 PS §802(b). Claimant has appealed.

Claimant was employed as a car polisher. He testified that he received 45 per cent of $11.50, being $10.00 for the wax job, $1.00 for the wash job and $.50 for white sidewall tires. With the introduction of the

1958 models in October 1957, the employer decided to polish the cars instead of waxing them. This resulted in lowering the charge to $7.50 per car, of which the claimant received 45 per cent. The employer testified that it took less time to polish than to wax a car and that claimant would have been able to make about the same salary after the change as he had made before. The claimant voluntarily terminated his employment two days after the change because he believed that he would receive less money. Since the claimant admittedly terminated the employment relationship, the only question is whether he did so because of some "necessitous and compelling" cause: *Drolles Unemployment Compensation Case,* 181 Pa. Superior Ct. 575, 577, 124 A. 2d 159. Claimant had a right to quit work but it does not follow that the reduction in wages, if any, or the change in the nature of the work, under the circumstances present in this case, placed him in a position whereby he could resign with good cause and thus create a status of unemployment within the purview of the law.

The case is clearly ruled by many recent decisions of this Court, representative of which are *McGuire v. Unemployment Compensation Board,* 169 Pa. Superior Ct. 467, 82 A. 2d 324; *Pusa Unemployment Compensation Case,* 178 Pa. Superior Ct. 348, 115 A. 2d 791; and *Mollo Unemployment Compensation Case,* 186 Pa. Superior Ct. 86, 140 A. 2d 354.

Decision affirmed.