## Blumberg Unemployment Compensation Case.

Argued December 17, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*William Blumberg,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION PER CURIAM, March 24, 1960:

This is an appeal by claimant from a decision of the Unemployment Compensation Board of Review affirming the referee, and denying claimant benefits. Claimant was last employed by Nation-Wide Check Cashing Service, Inc., Philadelphia. Although he had a valid separation when he was discharged on October 8, 1958, claimant's earnings with Nation-Wide totaled only $20, or less than eight times his weekly benefit rate of $35. Claimant had prior employment with the Western Union Telegraph Company, Philadelphia. On July 31, 1958, he voluntarily retired, at the age of 65, from his employment with Western Union, although, under the labor-management contract, he could have continued this employment until the compulsory retirement age of 70.

Claimant registered for work and filed an application for benefits on August 7, 1958. The bureau determined claimant ineligible under sections 402(b), 401(f), 43 PS §§802(b), 801(f), of the Unemployment Compensation Law on the grounds that claimant voluntarily left work without cause of a compelling and necessitous nature, and did not earn eight times his weekly benefit rate in subsequent employment. Claimant appealed to the referee who, after hearing, affirmed the bureau and disallowed benefits. The board on appeal, following remand to the referee for additional testimony, substituted its own findings, and, on August 19, 1959, entered a decision affirming the referee.

Since claimant failed to earn eight times his weekly benefit rate in his last employment, his eligibility under section 401(f), 43 PS §801(f), of the Law must be determined on the basis of his prior employment. *Buletza Unemployment Compensation Case,* 174 Pa. Superior Ct. 248, 250, 101 A. 2d 447; *Hrebar Unemployment Compensation Case,* 179 Pa. Superior Ct. 103, 104, 116 A. 2d 93.

The evidence fully supports the board's finding that claimant voluntarily retired as an employe of Western Union. Claimant's own statements and testimony clearly show he voluntarily retired at the age of 65 from his position as branch office manager with Western Union. It is true claimant testified that his retirement was due to a nervous condition, but it did not appear that claimant had obtained a medical certificate or discussed his nervous condition with this employer. Further, although claimant testified he was nervous concerning holdups that had taken place at branch offices of the employer, he admittedly never exercised his seniority right to apply for a transfer.

It is settled that an employe who retires from his employment solely by his own choosing is disqualified

from receiving benefits under the provisions of section 402(b), 43 PS §802(b), of the Law. *Campbell Unemployment Compensation Case*, 180 Pa. Superior Ct. 74, 117 A. 2d. 799; *Herbster Unemployment Compensation Case*, 186 Pa. Superior Ct. 172, 175, 142 A. 2d 747. Cf. *Gianfelice Unemployment Compensation Case*, 396 Pa. 545, 550, 153 A. 2d 906, citing *Campbell Unemployment Compensation Case*, supra, 180 Pa. Superior Ct. 74, 117 A. 2d 799, with approval.

An unemployment compensation claimant who voluntarily terminates his employment has the burden of establishing a compelling and necessitous reason for the separation. *Seroskie v. Unemployment Compensation Board of Review*, 169 Pa. Superior Ct. 470, 82 A. 2d 558; *Kaminski Unemployment Compensation Case*, 174 Pa. Superior Ct. 242, 101 A. 2d 132; *Cupo Unemployment Compensation Case*, 187 Pa. Superior Ct. 285, 288, 144 A. 2d 620. Claimant in no way met this burden.

The decision is affirmed.