Fegely Unemployment Compensation Case.

142

Argued March 23, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*David Cohen,* for claimant, appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

*Frank A. Sinon,* with him *Rhoads, Sinon & Reader,* for employer, intervening appellee.

OPINION BY WATKINS, J., April 13, 1960:

This is an unemployment compensation case in which the Bureau of Employment Security, the Referee and the Board of Review all concluded that Ray M. Fegely, the claimant, was not entitled to benefits because his unemployment was due to voluntarily leaving employment without cause of a necessitous and compelling nature, in violation of Section 402(b) of the

Unemployment Compensation Law, 43 PS §802(b).

The claimant was last employed on July 11, 1958, as a burner by Westinghouse Electric Company, Lester, Pennsylvania, at $2.39 per hour. By virtue of the terms of the collective bargaining agreement regarding seniority existing between the union and the company, the claimant, although faced with a lay-off from his job as a burner, could have transferred to a job as a machinist's helper at $1.89½ cents per hour. The claimant refused to take this job and placed himself on the recall list because he preferred to stay in his classification as a burner. It was determined as a fact that the work of a machinist's helper was suitable for the claimant and within his capabilities.

The record leaves much to be desired as it is entirely silent as to a description of the duties of the job of burner and the job of machinist's helper. There is testimony that the job of a burner is skilled and that of a machinist's helper unskilled. The testimony of the claimant was that, "they offered me a job as a helper on heavy machinery and that job wasn't suitable. I hired in there as a burner. I have been a burner for the last 19 years and I want to continue on as a burner." And further in referring to the job as a machinist's helper, "That's non-skilled job, and I want to keep my record clear as a burner. I want to be sure that whenever I go for another job, on my application when I file it, it will be there—down there as a burner, not as a helper, sweeper, janitor or something else like that."

The burden of proof is upon the claimant to establish that he left his employment for a necessitous and compelling cause. *Smith Unemployment Compensation Case*, 167 Pa. Superior Ct. 242, 74 A. 2d 523 (1950); *Mollo Unemployment Compensation Case*, 186 Pa. Superior Ct. 86, 140 A. 2d 354 (1958); *Cupo Unemployment Compensation Case*, 187 Pa. Superior Ct. 285, 144

A. 2d 620 (1958). He has attempted here to sustain that burden upon the evidence that the job he held was skilled and the job tendered unskilled, so that this reclassification made the proferred job unsuitable. With only this testimony before it, the Board was justified in finding that he failed to sustain his burden and the classification of the job did not, of itself, establish unsuitability but that, in fact, the work as a machinist's helper was suitable and well within his capabilities.

We have held that voluntary termination of employment because of refusal to accept different work with the same employer, which is suitable and within his capabilities, does not constitute a cause of a compelling and necessitous nature. *Pusa Unemployment Compensation Case*, 178 Pa. Superior Ct. 348, 115 A. 2d 791 (1955). In the *Pusa* case the claimant was a bricklayer, earning $2.07 per hour and as, in this case, by reason of seniority under the union agreement, was offered a transfer to the labor department at an hourly rate of $1.63½ cents, because work as a bricklayer was unavailable. He refused the transfer on the ground that the job was not commensurate with his skill as a bricklayer or his earning capacity. President Judge RHODES, had this to say, at page 352: "In the present case claimant could have continued to work temporarily with his employer while seeking other work at a higher wage. This is especially true in view of the fact claimant testified he was confident he could find such employment in a short period of time. The compensation which claimant would have received while temporarily assigned to the labor department was substantial although lower than his previous rate of pay. Claimant had a right to refuse the employment, but it does not follow that the change in the nature of the work and the reduction in wages in these circumstances placed claimant in a position whereby he could resign with good cause and thus create a status of unemployment

within the purview of the law. See McGuire v. Unemployment Compensation Board of Review, 169 Pa. Superior Ct. 467, 82 A. 2d 324. While claimant's purpose in leaving his employment to obtain work in his usual occupation at a higher rate of pay may be a laudable one, 'a laudable motive for leaving employment and a "good cause" within the meaning of the Act are entirely different things'. Dawkins Unemployment Compensation Case, 358 Pa. 224, 231, 56 A. 2d 254." See also: *Buletza Unemployment Compensation Case,* 174 Pa. Superior Ct. 248, 101 A. 2d 447 (1953); *Willis Unemployment Compensation Case,* 177 Pa. Superior Ct. 68, 110 A. 2d 742 (1955); *Wood Unemployment Compensation Case,* 189 Pa. Superior Ct. 295, 150 A. 2d 179 (1959); *Kinter Unemployment Compensation Case,* 180 Pa. Superior Ct. 529, 119 A. 2d 639 (1956).

The contention of the claimant that *Gianfelice Unemployment Compensation Case,* 396 Pa. 545, 153 A. 2d 906 (1959) in effect, overrules *Pusa Unemployment Compensation Case,* supra, and governs this case, is without merit. It may be true that his privilege of seniority, by reason of the union agreement, made available the job as a machinist's helper, but it could have come by company policy or otherwise, so that the burden remained on the claimant to show cause of a necessitous and compelling nature for his action. The *Gianfelice* case held that a labor contract cannot serve to render ineligible for compensation benefits persons who otherwise would be eligible. The labor contract in this case was designed to preserve claimant's employment, not to deprive him of it.

The claimant also contends that his actions in this case fall within the scope of section 402(a) of the Unemployment Compensation Law, 43 PS §802(a), in that he is still entitled to benefits since the record does not disclose that the employer notified the employment office that he refused to accept the work offered with-

in the statutory period. This is also without merit. There is a difference in those cases where claimant is involuntarily unemployed and refuses referred work and where the claimant is gainfully employed and voluntarily leaves his employment. Section 402(a) applies to the situations where a worker refuses proffered employment while unemployed. *Pusa Unemployment Compensation Case*, supra, at page 351.

Decision affirmed.