## Shay Unemployment Compensation Case.

Argued March 14, 1966. Before Ervin, P. J., Wright, Watkins, Montgomery, Jacobs, Hoffman, and Spaulding, JJ.

*Jerome H. Gerber,* with him *Handler and Gerber,* for appellants.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION PER CURIAM, April 4, 1966:
Decisions affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Claimant Paul Shay had been employed as a carpenter by the Bethlehem Steel Company for fourteen and a half years. His rate of pay was $3.055 an hour. Claimant Lee Unger had been employed by the same company as a bricklayer for eight years. His rate of pay was $3.25 an hour. On January 5, 1965, their employer informed them that no further work in their respective trades was available, but that work was available as laborers at $2.285 an hour. Claimants refused to accept the transfer. The Unemployment Compensation Board of Review found in each case that, "Since the claimant's new assignment was temporary, he is deemed to have voluntarily terminated his work without cause of a necessitous and compelling nature, Pusa Unemployment Compensation Case, 178 Pa. Superior Ct. 348." (115 A. 2d 791 (1955)). On appeal, claimants contend that they should not be disqualified from receiving unemployment compensation benefits for refusing to accept employment which was unsuitable

in light of their special training as carpenter and brick-layer.

Section 402(b)(1) of the Unemployment Compensation Law, 43 P.S. §802(b)(1), makes clear that in considering whether an employee left his employment without cause of a necessitous and compelling nature, the department must give consideration to the suitability of the work offered to claimant. Section 753(t) provides that, "In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience. . . . The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation. . . ." See *Cupo Unemployment Compensation Case*, 187 Pa. Superior Ct. 285, 144 A. 2d 620 (1958)..

The records in these cases do not reflect, however, the tasks to which claimants would have been assigned in the labor pool. In my opinion we cannot, nor should we, reach a conclusion in these cases in the absence of information indicating whether the proposed work was suitable for claimants in light of their health, physical fitness and training. This is especially true here, since there is reason to believe that claimants, who were highly-trained craftsmen, would have been relegated to the most arduous and menial tasks in the steel mill.

I would remand these cases to the Unemployment Compensation Board for further hearings to determine the nature and suitability of the work offered to claimants.

SPAULDING, J., joins in this dissenting opinion.