**ARMCO STEEL CORPORATION, Plaintiff-Appellant,**

**v.**

**LABOR AND INDUSTRIAL RELATIONS COMMISSION, DIVISION OF EMPLOYMENT SECURITY of Missouri, and John D. Canaday, Defendants-Respondents.**

**No. KCD 28046.**

Missouri Court of Appeals, Kansas City District.

June 27, 1977.

William H. Bates, Harlan D. Burkhead, Kansas City, for plaintiff-appellant.

Terry C. Allen, Rick V. Morris, Jefferson City, for Div. of Employment Sec.

Charles B. Fain, Jefferson City, for Labor & Indus. Rel. Comm.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment of Circuit Court, affirming decision of Labor and Industrial Relations that John D. Canaday was not disqualified for benefits under the Missouri Employment Security Law.

John D. Canaday was employed by Armco Steel Corporation in Kansas City for almost 19 years. In 1973, he was a production foreman in the joist department, earning between $16,000 and $17,000 per year. In April, 1973, Canaday's superior discussed with him deficiencies in his work and told him he might be returned to the electrical department. By November, 1973, the decision had been reached that, because of deficiencies in his performance, Canaday would be returned to the electrical department at the end of December. At Canaday's request, the date was extended until the last of January to permit Canaday to seek employment elsewhere.

According to Canaday, the electrical department at Armco would have paid some $8,000 per year, with loss of fringe benefits and he felt that he was being "forced out" of his job. On the basis of other evidence, the Commission concluded that the job offered would have paid $9,582 per year, a reduction of some 44%.

Canaday had interviews with prospective employers and when, on January 31, he resigned his job at Armco he thought he had suitable employment elsewhere. However, the new job fell through and he filed a claim for benefits under the Employment Security Law. Armco objected to the claim on the grounds that Canaday had been given an opportunity to remain with them but he quit rather than accepting that job.

A deputy of the Division of Employment Security held that Canaday was disqualified for benefits because he had left his work voluntarily without good cause attributable to his work or employer. Upon the claimant's appeal, an Appeals Referee concluded that Canaday left his work voluntarily because he otherwise would have been demoted from his supervisory position and his earnings substantially reduced. The referee concluded that claimant had left his work voluntarily on January 31, 1974, with good cause attributable to his employer.

The employer appealed to the Labor and Industrial Relations Commission. On the record of the hearing before the Referee, the Commission reached the same conclusion as the Referee. The employer appealed to the Jackson County Circuit Court which affirmed the Commission's decision. This appeal followed.

By Section 288.050 1.(1), RSMo1969, a claimant for benefits under the Employment Security Law is disqualified for benefits until after he earns wages equal to ten times his weekly benefit amount if the deputy finds "That he has left his work voluntarily without good cause attributable to his work or to his employer; * * *."

Appellant states the question before the court as follows: " * * * [D]oes an employee who resigns from his employment because of a proposed demotion and decrease in earnings leave such employment 'voluntarily' and 'with good cause attributable to his work or to his employer' * *?"

The parties agree that this question has not been decided in Missouri previously. Appellant relies upon cases from other jurisdictions in which has been held, according to appellant, that "a mere decrease in pay does not give rise to good cause for leaving an employment." Among the cases relied upon are *Goebelbecker v. State of New Jersey*, 53 N.J.Super. 53, 146 A.2d 488 (1958), *Dentici v. Industrial Commission*, 264 Wis. 181, 58 N.W.2d 717, (1953), *Fegely v. Unemployment Compensation Board of Review*, 192 Pa.Super. 141, 159 A.2d 574 (1960), *Martin v. Unemployment Compensation Board of Review*, 196 Pa.Super. 293, 175 A.2d 116 (1961), *Harne v. Unemployment Compensation Board of Review*, 188 Pa.Super. 525, 149 A.2d 139 (1959), and *Longobardi v. Unemployment Insurance Appeal Board*, 287 A.2d 690 (Super.Ct.Del.1971).

As respondents point out, none of those cases involved a situation in which the job offered involved a pay reduction of the scale here involved—44%. In *Harne* and *Dentici* there was no proof of wage reduction. The maximum reduction was 21% in *Fegely* and *Martin*. In *Longobardi*, a reduction of from $3.02 per hour to $2.79 per hour was involved. In *Goebelbecker*, a reduction of 16% was involved and referred to by the court as a "slightly lower wage." 146 A.2d 491. Worthy of note is that in each of the cases relied upon by appellant, the final administrative authority had found that the decrease in pay involved did not give rise to good cause for leaving the job.

Respondents offer what appears to be the accepted rule in cases such as this: "A substantial reduction in wages is regarded as 'good cause' * * * so as to entitle a claimant to unemployment compensation benefits." 76 Am.Jur.(2d) Unemployment Compensation, § 62, p. 961 (1975). This proposition finds support in the following cases: *Robertson v. Brown*, 139 So.2d 226 (La.Ct.App.1962), 40% reduction; *Johns-Manville Prod. Corp. v. Board of Review*, 122 N.J.Super. 366, 300 A.2d 572 (1973), 25% reduction; *Bunny's Waffle Shop v. California Employment Commission*, 24 Cal.2d 735, 151 P.2d 224 (1944), 25% reduction; *Scott v. The Photo Center, Inc.*, 235 N.W.2d 616 (Minn.1975), 25% reduction.

In the *Johns-Manville* case, the court distinguished the *Goebelbecker* case, relied upon by appellant, stating (300 A.2d 574):

"However, *Goebelbecker* and similar cases are clearly distinguishable. In those cases the factual situation was that described in the first sentence of the Board's 'Opinion,' cases in 'which the downgrading [was] not severe and the loss of pay not heavy.'"

Authorities from other jurisdictions obviously support the position of the respondents here. Appellant's authorities are not convincing in the circumstances of this case.

Appellant argues that the courts of this state have interpreted the "good cause" requirement to mean "unemployment * *

caused by external pressures so compelling that a reasonably prudent person would be justified in giving up employment" and involves "the element of good faith." *Citizens Bank of Shelbyville v. Industrial Commission*, 428 S.W.2d 895, 899 (Mo.App.1968). Appellant argues that Bureau of Labor Statistics (BLS 1830) figures showed that state-wide average annual earnings for metal fabrication workers in January, 1974, were $9,122.36 and that records of the Division of Employment Security showed that, for the year 1973, the average annual wages for employees engaged in manufacturing in Kansas City were $9,852.96. Based on these figures, appellant argues that a claimant who refuses to accept a $9,582 per year job does not meet the "good cause" test laid down in *Shelbyville*.

■ This argument is not convincing. The test is whether or not the claimant would have been required to accept a substantial reduction in pay, not whether he was offered work which would have equalled the average pay for the job which he was offered.

■ Accepting the proposition that "good cause" is a question of law in a case such as this (*Belle State Bank v. Industrial Commission of Missouri*, 547 S.W.2d 841, 844[2] (Mo.App.1977)), the Labor and Industrial Relation Commission and the Circuit Court correctly found that the claimant's leaving his employment in this case was for "good cause."

Appellant has attempted to expand the scope of this appeal beyond the issue presented in the Circuit Court. The petition for review (§ 288.210, RSMo1969), as stated in appellant's memorandum for the Circuit Court, was premised upon the proposition " * * * that the sole issue to be determined by the Court in this proceeding is whether John D. Canaday * * * voluntarily severed his employment relationship with Plaintiff-Appellant, on January 31, 1974, for good cause attributable to his employer."

Review here is on the issues raised by the petition for review and presented to the Circuit Court. Additional issues not so raised will not be considered here. *Bridges v. State Board of Registration for the Healing Arts,* 419 S.W.2d 278, 280[1] (Mo.App. 1967).

Judgment affirmed.

All concur.