## DIVISION OF EMPLOYMENT SECURITY, Appellant,

v.

## LABOR & INDUSTRIAL RELATIONS COMMISSION, et al., Respondents.

### No. 43824.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 14, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied
Nov. 10, 1981.

Rich V. Morris and Larry R. Ruhmann, Jefferson City, for appellant.

Kevin M. Hare and Timothy P. Duggan, Jefferson City, for respondents.

REINHARD, Judge.

The Division of Employment Security appeals from a decision of the Labor and Industrial Relations Commission, which held that a claimant for unemployment benefits was not disqualified under § 288.-050, RSMo 1978. We reverse.

The scope of our review from a decision of the Commission is set out in § 288.210, RSMo 1978, as follows: "In any judicial proceeding under this section, the findings of the Commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law."

The facts as found by the commission are these: Claimant was employed by her employer, a shoe manufacturer in Advance, Missouri, for 26 months as of June 14, 1979. On that date, she quit her job. Her reason was that the amount of her work had been reduced by her employer. She was doing "piecework" and was paid by the number of "pieces" completed. When the amount of work was reduced, her income was reduced correspondingly. (Claimant testified she had been working 40 hours per week, but after the reduction she worked, at most, twenty hours per week. There was no finding, nor any evidence, that her rate of pay was reduced.)

After the reduction in claimant's work, her income proved insufficient to cover her expenses, and so she moved from Advance to St. Louis, where, for reasons not relevant here, her expenses were less. After unsuccessfully looking for work in the St. Louis area, claimant applied for unemployment benefits.

The deputy determined that she was disqualified under § 288.050, RSMo 1978, because she left work voluntarily without good cause attributable to her work or to her employer. Claimant appealed this determination to the appeals tribunal. A hearing was held before an appeals referee, at which claimant alone testified. The appeals tribunal affirmed the determination of the deputy.

Claimant then appealed to the Labor and Industrial Relations Commission. The Commission reversed, holding that she had left work voluntarily with good cause attributable to her work, and hence was not disqualified under § 288.050. The Division of Employment Security appealed this decision to the circuit court, which affirmed, and now appeals to this court. On appeal, we review the decision of the Commission, not the judgment of the circuit court. *First Bank of Commerce v. Labor and Industrial Relations Commission*, 612 S.W.2d 39, 42 (Mo.App.1981).

The issue for us is whether a worker whose hours of work are cut from full time to part time (but who receives the same rate of pay), and who quits the job for this reason, does so "voluntarily without good cause attributable to his work or to his employer" under § 288.050.

The purpose of the "good cause" requirement is to eliminate what might otherwise be an incentive to quit work. The Employment Security Law is intended only for the benefit of persons "unemployed through no fault of their own." § 288.-020(1), RSMo 1978. "Good cause" has been said to be "limited to instances where the unemployment is caused by external pressures so compelling that a reasonably prudent person would be justified in giving up employment." *Citizens Bank of Shelbyville v. Industrial Commission*, 428 S.W.2d 895, 899 (Mo.App.1968). Furthermore, the claimant must make any decision to become unemployed in good faith, *Central Missouri Paving Company, Inc. v. Labor and Industrial Relations Commission*, 575 S.W.2d 889, 892 (Mo.App.1978), and must act consistently with a genuine desire to work and be self supporting. *Belle State Bank v. Industrial Commission*, 547 S.W.2d 841, 846 (Mo.App. 1977).

The sole "external pressure" found by the Commission was the reduction in work. Recognizing the dire consequences such a reduction will cause a worker paid on a piecework basis, we are nevertheless unable to say that in such a situation a reasonable worker, seized with a genuine desire to work and be self supporting, would prefer no work at all.

Respondent relies on *Armco Steel Corp. v. Labor and Industrial Relations Commission*, 553 S.W.2d 506 (Mo.App.1977) and contends the test is solely whether or not the reduction in pay is substantial. In *Armco*, a production foreman quit rather than accept a transfer to a different department, and a reduction in pay of some 44%. Such a situation involves factors additional to the loss of income in our case. The worker in *Armco* suffered a loss in the rate of pay. Claimant here suffered a loss of income, but was compensated at the same rate for her time spent working. To the same extent that she lost income, she gained time to either seek other full-time employment, or engage in another part-time job. The worker in *Armco* would have had to do a different job, in a different department, and would have lost certain fringe benefits, none of which is true here. Our claimant was not faced with any downgrading, or humiliation, and did not complain of feeling like she was being "forced out" of her job. 553 S.W.2d at 507. Therefore, we feel that other factors appear in *Armco*, as well as in other cases cited by respondent, which might impel a reasonable worker to quit a job; we fail to find any such factors in this case.

Additionally, we note that the Employment Security Law has a built-in incentive to continue partial employment, which we feel indicates a legislative preference in this regard. A qualifying claimant who is totally unemployed receives his "weekly benefit amount" under § 288.060(2), RSMo 1978. An employee who is "partially unemployed" receives the "amount equal to the difference between his weekly benefit amount and that part of his wages for such week in excess of ten dollars ...." § 288.060(3). (One is "partially unemployed" when he earns, in a week of less than full-time work, less than his weekly benefit amount plus ten dollars. § 288.030(23)(b).) Therefore, a partially unemployed worker's total income of wages plus partial unemployment benefits will always be at least ten dollars more

than the benefits received for total unemployment. Assuming a claimant would prefer working to being idle, and would like to maximize his income, he would prefer partial unemployment to total unemployment. The Superior Court of New Jersey found the above analysis conclusive, by itself on the question before us, and stated: "It is obvious from the foregoing that the individual's prudence and a decent regard for the public interest, by not unreasonably depleting the public fund, compel the conclusion that good cause does not ordinarily exist when a person gives up partial employment for none at all." *Zielenski v. Board of Review*, 85 N.J.Super. 46, 203 A.2d 635, 638 (1964).

We hold claimant left work without good cause attributable to her work or to her employer. The decision of the Labor and Industrial Relations Commission is reversed and remanded for further proceedings not inconsistent with this opinion.

CRIST, P. J., and SNYDER, J., concur.