IXL MANUFACTURING COMPANY,
Petitioner-Respondent,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION OF
MISSOURI, et al., Respondents-Appellants.

No. 13641.

Missouri Court of Appeals,
Southern District,
Division Three.

Oct. 19, 1984.

Dennis P. Wilson, Dexter, for petitioner-respondent.

Timothy P. Duggan, Jefferson City, for respondents-appellants.

GREENE, Judge.

Jimmie Crank was discharged by his employer, IXL Manufacturing Company, for careless and unsafe operation of a lathe machine. IXL manufactures wooden handles for tools such as axes and sledgehammers.

Crank filed an application for unemployment benefits. A deputy for the Division of Employment Security found Crank had been discharged for unsatisfactory work by improperly loading his machine, which resulted in a waste of product and created a safety hazard to Crank and other employees. The deputy determined Crank was disqualified from receiving unemployment benefits for a period of eight weeks. Crank appealed that determination, and after a de novo hearing, the Appeals Tribunal of the Division of Employment Security agreed with the deputy's conclusions and determination.

Crank then appealed to the Labor and Industrial Relations Commission (Commission), which reversed the decision of the Appeals Tribunal, finding that the problem that led to Crank's discharge was a defect in the machine, and not safety violations. Employer IXL then filed a petition for judicial review pursuant to the provisions of § 288.210, RSMo 1978, which request was joined in by the Division of Employment Security. The circuit court, after reviewing the record, found that there was no competent or substantial evidence to support the Commission's finding that Crank's discharge resulted from "a defect in the machine and the failure of the employer to keep the machine in a safe operating condition," and also found that there was competent and substantial evidence in the record to show that Crank was discharged for misconduct. Based on those findings, the circuit court reversed the decision of the Commission.

On appeal, the Commission contends that the circuit court erred by exceeding the scope of its review in substituting its judgment for that of the Commission on disputed evidentiary matters, which amounted to a de novo review.

■■■ On appeal in unemployment compensation cases, we review the decision of the Commission, not the judgment of the circuit court. *Div. of Emp. Sec. v. Labor & Ind. Rel. Com'n*, 625 S.W.2d 882, 884 (Mo.App.1981). The reviewing court must consider all of the evidence, along with all reasonable inferences therefrom, in a light most favorable to the Commission's ruling and we will not set aside that ruling unless it is contrary to the overwhelming weight of the evidence. *Division of Employment Sec. v. Labor and Indus.*, 617 S.W.2d 620, 622 (Mo.App.1981).

The only evidence in the case came from the testimony of Crank, and from Sam Hector, plant superintendent for IXL, which was introduced at the appeals hearing. Hector testified that Crank was discharged for "[c]areless and unsafe operation of his machine." When asked what was careless and unsafe, Hector said, "He was letting the handles go through the machine as he was turning them and it was tearing the machine up." He said the reason the handles were going on through the machine was that "he was pushing them in too fast and—and—and not watching his operation properly." Hector said that the blanks going through the machine could fly out and cause "bodily damage" to the machine operator or anyone else in that vicinity. Crank was warned that he was operating his lathe in a careless and unsafe manner and finally, after tearing up his machine several times by allowing blanks to go through it, he was discharged.

In his testimony, Crank said he was discharged because his supervisor was afraid Crank could get hurt and that on the day he was discharged a blank went through the machine because a pin was missing. Crank admitted that on several prior occasions handle blanks had gone through the machine because "I didn't stick them up there right and they slipped off the end and slid through." Crank believed that he was discharged for reasons other than carelessness, such as trouble his brother, who also worked for IXL, was having with the company.

In rebuttal, Hector said the broken or missing pin was a centering device on a gauging machine, and that it had nothing to do with the carelessness of Crank in creating the problem that led to his discharge.

The evidence elicited from the testimony of Crank and Hector shows conclusively that the lathe machine was ejecting blanks for wooden tool handles, causing damage to the employer's machine and product, and creating a safety hazard for the employees. The factual issue to be determined was whether Crank's negligent operation of the machine was to blame, or whether the machine was defective, thus causing the problems in question. The Commission found "from the testimony of the claimant, which is considered worthy of belief, that the problem was caused by a defect in the machine. . . ."

■ The issue was one of credibility, which the Commission decided in favor of the claimant. The weight of the evidence, and the credibility of the witnesses are matters for the Commission to decide, and when the evidence of each party, and inferences to be drawn therefrom, conflict, resolution of the conflicting inferences is the job of the Commission, and its resolution is binding on the reviewing court. *Lyell v. Labor & Indus. Relations Com'n,* 553 S.W.2d 899, 901 (Mo.App.1977).

■ When the evidence here is reviewed in the light most favorable to the Commission's findings, *Tri-State Motor Tr. Co. v. Industrial Com'n, D. of E.S.,* 509 S.W.2d 217, 220 (Mo.App.1974), it is evident that the Commission's decision was supported by competent and substantial evidence. This being so, the trial court erred in reversing the decision of the Commission.

The judgment of the trial court is reversed, and the cause remanded with directions to reinstate the decision of the Commission.

CROW, P.J., and HOGAN and TITUS, JJ., concur.