Cynthia BAHR, Claimant/Appellant,

v.

INFERTILITY & GYNECOLOG-
IC MEDICINE, INC., Em-
ployer/Respondent,

and

Division of Employment Security,
Respondent.

No. ED 84140.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 11, 2005.

Cynthia Lee Bahr, Arnold, MO, pro se.

Susan E. Hamra, Tremayne, Lay,
Bauer, Coleman & Grady, Chesterfield,
MO, for respondent Infertility & Gyneco-
logical Medicine, Inc.

Marilyn Green, Cynthia Quetsch, Jeffer-
son City, MO, for respondent Div. of Em-
ployment Security.

Before PATRICIA L. COHEN, P.J.,
KATHIANNE KNAUP CRANE, J. and
ROBERT G. DOWD, JR., J.

*MEMORANDUM DECISION*

PER CURIAM.

Claimant, Cynthia Bahr, appeals from
the Order of the Labor and Industrial
Relations Commission ("Commission") af-
firming the Decision of the Appeals Tribu-
nal denying unemployment benefits to
claimant on the ground that she voluntari-
ly separated from work with the employer,
Infertility & Gynecologic Medicine, Inc.,
without good cause to terminate her em-
ployment.

The issue is whether claimant quit her
employment with good cause attributable
to the employer, pursuant to Section
288.050.1 RSMo (2000); *Div. of Emp. Sec.
v. Labor & Ind. Rel. Com'n*, 625 S.W.2d
882, 884 (Mo.App. E.D.1981).

When an order of the Commission is
appealed, appellate review is confined to
questions of law. We may modify, re-
verse, remand for rehearing, or set aside
an award only upon one or more of the
following grounds: (1) that the commission
acted without or in excess of its powers;
(2) that the decision was procured by
fraud; (3) that the facts found by the
commission did not support the award; or,
(4) that there was not sufficient competent
evidence in the record to warrant the mak-
ing of the award. Section 288.210 RSMo
(Cum.Supp.2004). The Commission's fac-
tual findings are conclusive, in the absence
of fraud, if the findings are supported by
competent and substantial evidence. *Id.*
We defer to the Commission when it re-
solves issues concerning credibility and
weight to be given to conflicting evidence.
*Mitchell v. Division of Employment Sec.*,
922 S.W.2d 425, 427 (Mo.App. S.D.1996).
When an unemployment compensation ap-
peal involves issues of law, we do not defer
to the Commission. *Yellow Freight Sys-
tem v. Thomas*, 987 S.W.2d 1, 3 (Mo.App.
W.D.1998).

The findings and conclusions of the
Commission are supported by competent
and substantial evidence on the whole rec-
ord and no error of law appears. An
extended opinion would have no prece-
dential value.

We affirm the judgment pursuant to
Rule 84.16(b).