O'NEAL'S BUS SERVICE, INC., a Corporation of the State of Delaware

v.

EMPLOYMENT SECURITY COMMISSION and William L. Potts.

Superior Court of Delaware, New Castle.

Sept. 15, 1970.

Thomas Herlihy, III, Wilmington, for employer-appellant.

Jay H. Conner, Wilmington, for claimant-appellee.

## OPINION

CHRISTIE, Judge.

Mr. William L. Potts, age 66, was hired by O'Neal's Bus Service, Inc. in September of 1967 to operate a school bus. It was the duty of Mr. Potts to pick up pupils at various spots in the community and deliver them to the school in the morning. In the afternoon he would pick up the children at the school and deliver them to their homes.

On January 19, 1968, Mr. Potts voluntarily quit his job. Thereafter, Mr. Potts applied for unemployment compensation. He was eligible for such compensation if he voluntarily quit his job with good cause.

Mr. Potts testified at two administrative hearings that he had good cause to quit his job because the conduct of the pupils on the bus placed him in great fear for the safety of the pupils and the safety of other motorists. He stated that the pupils were constantly harassing and disturbing him as he was driving the bus. He stated that he was hit by spit balls and that on some occasions pupils would release the emergency door in the back of the bus. Mr. Potts testified that he spoke to the principal of the school and to his employer about the conduct of the pupils on the bus and that the situation did not change. Therefore, he decided to stop reporting for work.

The employer, O'Neal's Bus Service, takes the position that Mr. Potts left his employment without good cause. The owner of the. employer-corporation testified that he received no notification or other notice from Mr. Potts that he was quitting and that he did not recall Mr. Potts ever complaining to him about the conduct of the school children on the bus.

In addition, the employer took the position that if Mr. Potts was bothered by the school children on the one bus, he could have requested that he be transferred to a bus with younger children. Mr. Potts was driving a school bus of junior high school children and it is said that he could have arranged to drive a school bus with less troublesome elementary school children.

An initial hearing was held before the Employment Security Commission Referee at which only Mr. Potts testified. Mr. O'Neal did not appear. The Referee rendered the following opinion:

"Section 3315(1), Title 19, Delaware Code, a part of the Delaware Unemployment Compensation Act provides as follows:

An individual shall be disqualified for benefits—
(1) For the period of unemployment next ensuing after he has left his work volun-

tarily without good cause attributable to such work * * *

The burden is upon the claimant to show just cause for voluntarily quitting his job and I am of the opinion that this burden has been met in this case. The claimant appears to me to be an honest and sincere person, and I believe that he definitely tried to retain his job. His fears do not seem imaginable to me. I think that he greatly feared injuring either the passengers on his bus or other drivers on the road.

I am of the opinion that it was not necessary for the claimant to be exposed to this situation. I therefore, conclude that the claimant had good cause in connection with his work to voluntarily quit his work."

The Referee's opinion was appealed to the Commission and a further hearing was held at which both Mr. Potts and Mr. O'Neal testified. The Commission affirmed the decision of the Referee and adopted the Referee's findings of fact. The appeal to this Court followed.

It could be contended by the bus company that some of the difficulties complained of by Mr. Potts are inherent in the operation of school buses—i. e. spit balls or other foreign objects may from time to time be air-borne in a school bus and such situation may disturb the peace and quiet of the bus or even present a hazard to the proper operation of the bus. The bus company's chief contentions, however, revolve around the availability of other bus routes, the informal way the driver ceased to report to work without clearly stating his problem and the disinterest of the driver in reemployment.

■ The basic issue is whether or not the claimant had "good cause" to leave his employment. The burden is on the claimant to establish his right to unemployment compensation. "Good cause" for quitting a job must be such cause as would justify one in voluntarily leaving the ranks

of the employed and joining the ranks of the unemployed. Zielenski v. Board of Review, 85 N.J.Super. 46, 203 A.2d 635 (1964).

There is substantial evidence in this case to indicate that the employee complained several times to the school authorities and to the representative of the bus company in charge of the actual operation of the buses. His complaints were important since they involved his own safety and that of the bus passengers.

If the situation on the bus had become so bad as to constitute a real safety hazard and if the complaints were adequately pressed and no remedy was forthcoming, then Mr. Potts had good cause to quit.

I have reviewed the testimony as to the dangers caused by the childrens' behavior on the bus. The only testimony on the subject was by Mr. Potts and his testimony as to the hazards is creditable.

■ Of course, an employee does not have good cause to quit merely because there is an undesirable or unsafe situation connected with his employment. He must do something akin to exhausting his administrative remedies by, for example, seeking to have the situation corrected by proper notice to his employer. Alabama Textile Products Corporation v. Rodgers, 38 Ala.App. 206, 82 So.2d 267 (1955). This he did by complaint to the school authorities and to his immediate supervisor. His testimony on this subject is entirely creditable.

The owner of the employer testified as to this point only that he remembered no such complaints and that he could have remedied the situation by reassignment of the driver.

There appears to have been an internal communications problem within the bus company. The repeated complaints of the bus driver should have been passed on by the supervisor to the owner and this apparently did not take place. Further fol-

low-up by the employee would have been desirable but his testimony was that he did mention the situation to the owner as well as to the supervisor.

 I have considered the other factors outlined above as having been argued on behalf of the bus company but I conclude that on balance Mr. Potts did have good cause to quit within the meaning of the statute and that the findings of fact made by the Commission are supported by substantial creditable evidence in the record.

The decision of the Employment Security Commission is affirmed.