IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

JULIE VIROLA,                            )
                                         ) C.A. No.   K14A-01-001-JTV
                Appellant,               )
                                         )
        v.                               )
                                         )
UNEMPLOYMENT INSURANCE                   )
APPEAL BOARD,                            )
                                         )
                Appellee.                )


*Submitted:  January 24, 2014*
*Decided:   November 10, 2014*


Julie Virola, *Pro Se.*

Catherine C. Damavandi, Esq., Department of Justice, Wilmington, Delaware.
Attorney for Appellee.


*Upon Consideration of Appellant's*
*Appeal from Decision of the*
*Unemployment Insurance Appeal Board*
**AFFIRMED**



**VAUGHN, President Judge**

***Virola v. UIAB***
C.A. No. K14A-01-001-JTV
November 10, 2014

**ORDER**

Upon consideration of the appellant's opening brief and the record of the case, it appears that:

1. The claimant, Julie Virola, appeals from a decision of the Unemployment Insurance Appeals Board denying her application for unemployment compensation benefits. The Board affirmed the decision of the Appeals Referee, which held the claimant voluntarily left her employment without good cause connected to her work and therefore, the claimant was disqualified from the receipt of unemployment benefits pursuant to 19 *Del. C.* § 3314(1).

2. The claimant was hired by Quality Management Associates as a Residential Counselor on June 6, 2013.[1] Following her first day of orientation on June 18, 2013, the claimant decided she was no longer interested, or capable of performing the job, and elected not to return.[2] In doing so, the claimant failed to inform the employer of her decision.[3]

3. Pursuant to 19 *Del. C.* § 3314, unemployment benefits are not available

---

[1] *See* Record of the Case, 2 (hereinafter "R. at __").

[2] According to the claimant's testimony before the Appeals Referee, the reasons she quit her job included, "the work, travel and expense and other factors with my three year old grandson that I was left to care unexpectedly. All that came into play with the decision." R. at 22-23. Alternatively, while testifying before the Board on appeal, the claimant maintained, when she accepted the job, she "didn't know that there was so much entailed as far as medication administration and personal care." R. at 51. As such, the claimant unilaterally decided she was unqualified. However, Sharon Howard ("Howard"), the Director of employer, testified that prior to working on her own, the claimant would have been required to go through two more days of orientation, followed by up to ninety days of training and supervision. R. at 55.

[3] R. at 53.

2

for an individual who leaves work "voluntarily without good cause attributed to such work..."[4] "The phrase 'voluntary quitting' means leaving on one's own motion, as opposed to being discharged."[5] When a claimant voluntarily quits a position, he or she has the burden to prove good cause by a preponderance of the evidence.[6] Good cause is "such cause as would justify one in voluntarily leaving the ranks of the employed and joining the ranks of the unemployed."[7] It requires a claimant's basis for voluntarily quitting be connected with the employment rather than for personal reasons.[8]

4. Ultimately, after reviewing the record and conducting an administrative hearing, the Board affirmed the Referee and Claims Deputy decisions, finding the claimant voluntarily quit her position with employer and subsequently failed to establish a good cause reason for doing so within the meaning 19 *Del. C.* § 3314(1).[9] As such, the Board determined the claimant was properly disqualified from receipt

---

[4] 19 *Del. C.* § 3314(1).

[5] *Gisell v. Unclaimed Freight*, 1995 WL 339026, at *3 (Del. Super. May 3, 1995).

[6] *Longobardi v. Unemployment Ins. Appeal Bd.*, 287 A.2d 690, 692 (Del. Super. 1971).

[7] *Thompson v. Christiana Care Health Sys.,* 25 A.3d 778, 782 (Del. 2011) (citing *O'Neal's Bus Serv. v. Emp't Secur. Comm'n.*, 269 A.2d 247, 249 (Del. Super. 1970)); *see also*, *Laime v. Casapulla's Sub Shop*, 1997 WL 524063, at *3 (Del. Super. May 20, 1997) (internal citations omitted) (holding, examples of good cause include, not being paid when wages are due, or a substantial reduction in wages or hours).

[8] *Baaden v. Amer Indus.*, 2010 WL 1854133, at *2 (Del. Super. Apr. 27, 2010) (citing *Weathersby v. Unemployment Ins. Appeal Bd.*, 1995 WL 465326, at *5 (Del. Super. June 29, 1995)).

[9] R. at 58.

of unemployment benefits under the statute.[10]

5. On January 15, 2014, the claimant filed a timely appeal with this Court.[11] In her notice of appeal and opening brief, the claimant makes a number of contentions challenging the validity of the Board's aforementioned "good cause" determination.[12]

6. The limited function of the reviewing court is to determine whether substantial evidence supports the Board's findings, and whether they are free from legal error.[13] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[14] "The appellate court does not weigh the evidence, determine questions of credibility, or make its own factual findings."[15] If there is substantial evidence and no mistake of law, the Board's decision must be affirmed.[16]

7. The record indicates the claimant voluntarily quit her job after only one day of orientation. As the Board pointed out, rather than discuss her concerns with management, like her perceived inability to perform, the claimant simply stopped

---

[10] *Id.*

[11] R. at 66.

[12] R. at 66; Op. Br. at 2.

[13] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 781-82 (Del. 2011).

[14] *Jones v. Unemployment Ins. Appeals Bd.*, 2001 WL 755379, at *1 (Del. Super. June 11, 2001) (citing *Oceanport Ind. v. Wilmington Stevedores*, 636 A.2d 892, 889 (Del. 1994)).

[15] *Id.* (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965)).

[16] *City of Newark v. Unemployment Ins. Appeals Bd.*, 802 A.2d 318, 323 (Del. Super. 2002).

*Virola v. UIAB*
C.A. No. K14A-01-001-JTV
November 10, 2014

showing up. While her reasons for leaving may have been in good faith, the record supports the Board's finding that they were personal to the claimant, and did not amount to "good cause" within the meaning of 19 *Del. C.* § 3314(1). Therefore, I find there was substantial evidence to support the Board's decision that, the claimant was disqualified from unemployment benefits pursuant to 19 *Del. C.* §3314(1).

    8.    The decision below is ***affirmed***.

    **IT IS SO ORDERED.**

                    /s/   James T. Vaughn, Jr.

oc:   Prothonotary
cc:   Order Distribution
       File