SUPERIOR COURT
OF THE
STATE OF DELAWARE

**T. HENLEY GRAVES**
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

November 8, 2017

Keyauna M. Smack
22006 Mill Park Drive
Bridgeville, Delaware 19933

> **Re:** ***Smack v. Randstad HR Solutions of DE;***
> **C.A. No. S17A-06-002 THG**
>
> Date Submitted: October 30, 2017
> Date Decided: November 8, 2017

Dear Ms. Smack:

Keyauna Smack appeals the decision of the Unemployment Insurance Appeal Board ("the Board") that affirmed an Appeals Referee's decision finding Ms. Smack was disqualified from the receipt of unemployment benefits because she voluntarily quit her place of employment. The Board's decision is reversed and remanded for the reasons stated below.

## Nature and Stage of the Proceedings

Ms. Smack was employed by Randstad HR Solutions of DE ("Employer") on assignment with FedEx, on January 5, 2017. At that time, a representative from FedEx informed Ms. Smack that there would be some "down time" and Ms. Smack filed for unemployment insurance benefits. A claims deputy reviewed Ms. Smack's claim for benefits and determined Ms. Smack had voluntarily quit her employment and, therefore, she was disqualified from the receipt of benefits. Ms. Smack appealed this determination and a hearing was held before an Appeals Referee on March 14, 2017.

Ms. Smack appeared at the hearing and a representative for Employer participated in the hearing by telephone. The Appeals Referee subsequently affirmed the claims deputy's decision by way of a written opinion mailed March 24, 2017. Ms. Smack appealed this decision and the Board held a hearing on the matter on April 26, 2017. Employer did not appear at the Board hearing. By way of written decision mailed June 5, 2017, the Board affirmed the Appeals Referee's opinion. Ms. Smack filed a timely appeal with this Court and the matter is ripe for decision.

## Discussion

### 1. Standard of Review

When reviewing a decision of the Board, this Court must determine whether the Board's findings and conclusions of law are free from legal error and are supported by substantial evidence in the record.[1] "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] The Court's review is limited: "It is not the appellate court's role to weigh the evidence, determine credibility questions or make its own factual findings, but merely to decide if the evidence is legally adequate to support the agency's factual findings."[3]

Section 3314 of Title 19 of the Delaware Code provides, in pertinent part, that "[a]n individual shall be disqualified for benefits ... [f]or the week in which the individual left work

---

[1] *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265 (Del. 1981); *Pochvatilla v. U.S. Postal Serv.*, 1997 WL 524062 (Del. Super. June 9, 1997); 19 *Del. C.* § 3323(a) ("In any judicial proceeding under this section, the findings of the [Board] as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law.").

[2] *Gorrell v. Division of Vocational Rehab.*, 1996 WL 453356, at *2 (Del. Super. July 31, 1996).

[3] *McManus v. Christiana Serv. Co.*, 1997 WL 127953, at *1 (Del. Super. Jan. 31, 1997).

2

voluntarily without good cause attributable to such work...."[4] "Good cause" is such cause that "would justify one in voluntarily leaving the ranks of the employed and joining the ranks of the unemployed."[5] A claimant's reasons for voluntarily leaving his place of employment may not be personal in nature.[6]

## 2. Evidence Presented Below

Ms. Smack testified she initially contracted with the temporary staffing firm Volt. Through Volt, she was on assignment to FedEx when, at some point, FedEx changed its temporary staffing firm from Volt to Employer. At that time, the temporary workers on assignment to FedEx from Volt were automatically transferred over to Employer.

In January of 2017, George Bowersox, a manager at FedEx and one of the few FedEx employees who dealt with Employer on behalf of the contractors, informed Ms. Smack that volume was low and that she would have some "off time." Ms. Smack then applied for unemployment insurance benefits.

Bo Barton, Esquire, testified via telephone on behalf of Employer. He introduced into evidence a document titled "Employment Policies and Procedure"; an untitled document referred to as the "Apple Agreement"; and a lengthier document identified as "Talent Agreement" (collectively, "the Documents"). Ms. Smack denied having seen the Documents prior to her date of separation and objected to their admission. Ms. Smack testified she only recalled physically signing

---

[4] 19 *Del. C.* § 3314(1).

[5] *O'Neal's Bus Service, Inc. v. Employment Sec. Comm'n*, 269 A.2d 247, 249 (Del. Super. 1970).

[6] *Gorrell*, 1996 WL 453356, at *3.

3

tax documents at the FedEx offices. Mr. Barton noted that the Documents had been authenticated as they were sent to a specific email address and could only be accessed by entering the employee's social security number and a personal identification number unique to the employee. The Documents indicate they were electronically acknowledged by Keyauna Smack on December 1, 2015. Ms. Smack testified she did not have ownership or access to the email address to which the Documents were sent for authentication. Mr. Barton testified Employer had no record of a physically signed W-4 or I-9 form for Ms. Smack. The Appeals Referee deemed the Documents admissible.

Pursuant to the Documents, Ms. Smack had a responsibility to notify Employer when her assignment ended and to remain in weekly contact with Employer to inform Employer of her availability for other assignments. The parties agree Ms. Smack did not contact Employer until February 10, 2017, more than a month after her assignment with FedEx came to an end.

3.    **Ms. Smack's Argument on Appeal**

On appeal, Ms. Smack objects to Employer's failure to appear in person in these proceedings; contends Employer should have contacted a FedEx employee regarding Ms. Smack's condition of employment; and challenges the validity of the electronically-signed documents admitted into evidence.

The Board made the following findings of fact and conclusions of law:

> The Board may affirm "any decision of an appeal tribunal on the basis of the evidence previously submitted" in such case. The Board finds that the testimony presented was substantially similar to that presented to the Referee, and the Board can find no error of law in the Referee's decision.
>
> The Referee concluded, and the Board agrees, that [Ms. Smack] electronically signed the Employer's Policies and Procedures and Talent Agreement. Both documents required [Ms. Smack] to notify the Employer when her temporary assignment ended. [Ms. Smack] failed to do so and was considered to have

4

voluntarily quit her position pursuant to 19 *Del. C.* § 3327(b). [Ms. Smack's] reason for failing to contact the Employer was personal and insufficient to justify [Ms. Smack's] return to the ranks of the unemployed. Therefore, the Board adopts the Referee's decision as its own and finds that [Ms. Smack] has failed to meet her burden.[7]

Because Employer did not appear at the Board hearing, the Board relied upon the Employer's evidence as entered into the record at the Appeals Referee's hearing and Ms. Smack's live testimony.

The procedure and conduct of the review of disputed claims are governed by the Board's regulations, codified in the Delaware Administrative Code.[8] The Code sets forth requirements for the admission of evidence before the Board. Specifically, it provides, "The Board shall not receive into evidence any testimony offered by means of a telephone or other electronic or electromagnetic device."[9]

The Board relied solely on the Employer's evidence presented before the Appeals Referee and adopted the Appeals Referee's credibility determination in favor of Employer that Ms. Smack had received the Documents. The Board committed legal error by relying upon testimony offered by means of a telephone in doing so. Accordingly, the Board's decision must be reversed.

### Conclusion

For the reasons stated herein, the Board's decision disqualifying Ms. Smack from receiving unemployment benefits is REVERSED and REMANDED for proceedings consistent with this

---

[7] Board Decision, mailed June 5, 2017, at p. 2 (citations omitted).

[8] 19 *Del. C.* § 3321(a) ("The manner in which disputed claims shall be presented and the conduct of hearings and appeals shall be in accordance with regulations prescribed by the [] Board for determining the rights of the parties, whether or not such regulations conform to common-law or statutory rules of evidence and other technical rules of procedure.")

[9] 19 *Del. Admin. Code* § 1201-4.7.4.

5

decision.

IT IS SO ORDERED.

Very truly yours,

T. Henley Graves

cc: Randstad HR Solutions of DE
Unemployment Insurance Appeal Board

oc: Prothonotary

6