# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

LISA MARCOZZI,  )
)
)
)
)
Appellant,  )
)
v.  ) C.A. No. N13A-11-004 CLS
)
COSTCO WHOLESALE CORP.  )
)
and  )
)
UNEMPLOYMENT INSURANCE  )
APPEALS BOARD,  )
)
Appellees.  )
)

Date Submitted: May 19, 2014
Date Decided:    August 20, 2014

On Appeal from the Decision of the Unemployment Insurance Appeal Board.
**AFFIRMED.**

## **ORDER**

Lisa Marcozzi.  Middletown, Delaware. *Pro Se* Appellant.

John M. Seaman, Equire. Abrams & Bayliss LLP, 20 Montchanin Road, Suite 200, Wilmington, Delaware 19807. Eric J. Janson, Esquire. Seyfarth Shaw LLP, 975 F Street, NW, Washington, D.C. 20004. Attorneys for Appellee Costco Wholesale Corp.

Catherine Damavandi, Esquire.  Delaware Department of Justice, 820 North French Street, Wilmington, Delaware, 19801.  Attorney for Unemployment Insurance Appeal Board.

**Scott, J.**

## Introduction

Before the Court is Appellant Lisa Marcozzi's ("Appellant") appeal of the decision of the Unemployment Insurance Appeals Board ("the Board"). The Court has reviewed the parties' submissions. For the following reasons, the decision of the Board is **AFFIRMED**.

## Background

Appellant was employed by Costco Wholesale, Inc. ("Employer") from April 21, 2012 through August 30, 2013.[1] After she was discharged, Appellant sought unemployment benefits. On September 13, 2013, a Claims Deputy determined that she was ineligible for benefits because she was discharged for just cause.[2] The Claims Deputy's decision contained a notice which stated that, unless an appeal was filed, the decision would become final on September 23, 2013.[3] The Claims Deputy certified that the decision was mailed on September 13, 2013 via first class mail.[4] On September 24, 2013, one day after the September 23, 2014 deadline, Appellant filed an appeal.[5] On October 10, 2013, the Department of Labor (the "Department") determined that the September 13, 2013 decision was

---

[1] Record at 2.
[2] *Id.*
[3] *Id.*
[4] *Id.* at 3.
[5] *Id.* at 4.

final and binding due to Appellant's failure to file a timely appeal.[6] However, a hearing was scheduled before an Appeals Referee for the timeliness issue.[7]

At the hearing, Appellant confirmed that her address was the same address that was used by the Claims Deputy.[8] Appellant explained that she had just recently changed her address and was having trouble with her mail.[9] She stated that she did not receive the decision until September 24, 2013 when she went to the Department to check on the status of her claim.[10] When she learned that she was one day late, she immediately filed her appeal.[11] An agency representative testified that the Claims Deputy's decision was mailed on September 13, 2013 and that it was not returned after it was sent.[12]

On October 18, 2013, the Referee affirmed the decision of the Claims Deputy after finding that the decision was properly mailed to Appellant at her correct address and that there was no evidence of administrative error by the Department.[13] The Referee was not persuaded by Appellant's mere assertion that she had not received the decision based on the presumption that mail properly sent

---

[6] *Id.* at 5.
[7] *Id.* at 5-6.
[8] *Id.* at 10.
[9] *Id.* at 13.
[10] *Id.*
[11] *Id.*
[12] *Id.* at 11.
[13] *Id.* at 20.

is presumed to have been received.[14]  The Referee certified that the Referee's decision was mailed on October 18, 2013 via first class mail.[15]

On October 28, 2013, Appellant timely appealed the Referee's decision to the Board.[16]  On October 30, 2013, the Board refused to exercise its discretion under 19 *Del. C.* §3320(a) to review an untimely filed appeal and affirmed the Referee's decision after finding that the late filing was not the result of a departmental error.[17]  Appellant timely appealed the Board's decision to the Superior Court.[18]

On February 28, 2014, the Court sent a letter to the parties containing the briefing schedule for the appeal.[19]  The Opening Brief was due on March 20, 2014.[20]  The letter stated that, under Delaware Superior Court Rule 107(b), "extensions of time for filing briefs will not be authorized, whether or not consent of other parties is obtained, unless the court enters an order upon a showing of good cause for such enlargement."[21]  Appellant did not file her Opening Brief until March 31, 2014.  On April 3, 2013, counsel for the Employer filed a letter

---

[14] *Id.* at 20.
[15] *Id.* at 21.
[16] *Id.* at 23.
[17] *Id.* at 25.
[18] *Id.* at 32.
[19] Trans. ID. 55071509.
[20] *Id.* (quoting Del. Super. Ct. Civ. R. 107(c)). The text quoted in the letter was from the previous version of Del. Super. Ct. Civ. R. 107(b).  That text is now found in Del. Super. Ct. Civ. R. 107(c).
[21] *Id.*

4

requesting that the Court dismiss the appeal based on the untimely filing of the Opening Brief or allow the employer an extension to file the Answering Brief.[22] Nevertheless, the Employer timely filed its answering brief on April 9, 2014. Appellant timely filed her Reply Brief.

## Standard of Review

This Court's review of a Board decision is limited to whether the Board's findings were supported by substantial evidence and whether the decision is free from legal error.[23] The Court will not weigh evidence, determine questions of credibility, or make its own factual findings and conclusions.[24] If there is substantial supporting evidence and no legal error, the Board's decision will be affirmed.[25] A discretionary decision by the Board will not be set aside unless it is found to be an abuse of discretion.[26] "An abuse of discretion occurs when the Board 'exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice.'"[27]

---

[22] Trans. ID. 55245519.
[23] *Thompson v. Christina Care Health Sys.*, 25 A.3d 778, 781-82 (Del. 2011).
[24] *Id.* at 782.
[25] *Longobardi v. UIAB*, 287 A.2d 690, 692 (Del. Super. Ct. 1972) *aff'd*. 293 A.2d 295 (Del. 1972).
[26] *Hefley v. Unemployment Ins. Appeal Bd.*, 2010 WL 376898, at *1, 988 A.2d 937 (Del. 2010) (TABLE).
[27] *McIntyre v. Unemployment Ins. Appeal Bd.*, 2008 WL 1886342, at *1 (Del. Super. Apr. 29, 2008) *aff'd,* 962 A.2d 917 (Del. 2008)(quoting *Nardi v. Lewis,* 2000 WL 303147, at *2 (Del.Super.Ct. Jan. 26, 2000)).

5

**Discussion**

In her Opening Brief, Appellant explains that her appeal was untimely because, "[d]uring the determination process, [she] moved [her] residence and was experiencing trouble with the Middletown Post Office with [her] address change."[28]  As a result, Appellant "did not receive the unemployment denial via U.S. Mail."[29]  She asserts that, when she visited the Department on September 24, 2013, an employee informed her that she could file a late appeal.[30]  Employer argues that the Court should not consider Appellant's Opening Brief because it was filed eleven days after the deadline set forth in the Court's briefing schedule. Employer also argues that the Board's finding that Appellant's appeal was untimely was supported by substantial evidence.  Employer contends that, if Appellant was aware that she was experiencing trouble with her mail, she was required to notify the Department of Labor.[31]

The Court agrees with Employer's argument that Appellant's Opening Brief was untimely and that Appellant, even as a *pro se* litigant, was bound by Del. Super. Ct. 107(c), which precludes parties from extending the deadlines for briefs

---

[28] Opening Br. at 2.
[29] *Id.*
[30] *Id.*
[31] Answering Br. at 6 (citing *Straley v. Advanced Staffing Inc.*, 2009 WL 1228572, at *3 (Del. Super. Apr. 30, 2009)).

without a court order.[32] Appellant asserts that her brief was not filed because she was unable to reach case manager via telephone in order to request a continuance prior to the deadline. The Court notes that Rule 107(f) provides that, "[u]pon the showing of good cause in writing, the Court may permit late filing of any of the aforesaid papers and pursuant to a written rule or order."[33] Appellant has not claimed that she submitted any writing requesting a time extension. Therefore, the Court has discretion to refuse to consider Appellant's Opening Brief.[34] Nevertheless, the Court will consider the Opening Brief in this appeal because Appellant has asserted the same grounds for her untimely filing in her Opening Brief as she asserted before the Referee. Consequently, the Court finds that the outcome will be the same with or without the Court's consideration of the brief.

Based on the Court's review of the record, Appellant's appeal must fail because the Board's decision was supported by substantial evidence, free from legal error, and was not the result of an abuse of discretion. 19 *Del. C.* § 3318(b) states:

---

[32] Del. Super. Civ. Ct. R. 107(c); *Gregory v. Dover Police Dep't*, 2012 WL 6915204, at *2 (Del. Super. Dec. 31, 2012)("*pro se* litigants are required to make a good faith effort to comply with the rules of procedure in this Court").

[33] Del. Super. Ct. Civ. Rule 107(f).

[34] Del. Super. Ct. Civ. R. 107(f) also states that "the Court may, in its discretion, dismiss the proceeding if the plaintiff is in default, consider the motion as abandoned, or summarily deny or grant the motion, such as the situation may present itself, or take such other action as it deems necessary to expedite the disposition of the case." *See Buck v. Cassidy Painting, Inc.*, 2011 WL 1226403 (Del. Super. Mar. 28, 2011)(applying Del. Super. Ct. Civ. Rules 107 and 72(i) to dismiss an appeal for failure to diligently prosecute an appeal where an appellant failed to file an opening brief).

> Unless a claimant or a last employer who has submitted a timely and completed separation notice in accordance with § 3317 of this title files an appeal within 10 calendar days after such Claims Deputy's determination was mailed to the last known addresses of the claimant and the last employer, the Claims Deputy's determination shall be final…

The above ten-day window to file an appeal of a Claims Deputy's decision is "is an express statutory condition of jurisdiction that is both mandatory and dispositive."[35] If the failure to file an appeal was not due to an administrative error by the Department of Labor, "the Claims Deputy's determination will become final and § 3318(b) will jurisdictionally bar the claim from further appeal.[36] Although the Board does have discretion under 19 *Del. C.* § 3320 to review an untimely appeal, the Board typically exercises that discretion using much "caution" and only under "severe" circumstances.[37]

Substantial evidence in the record exists to support the Board's finding that Appellant's appeal of the Claims Deputy's decision was untimely. Appellant does not dispute that she filed her appeal one day too late. Instead, Appellant asserts that she did not timely file her appeal because she did not receive the decision until she obtained a copy in person on September 24, 2013. Appellant contends that she did not receive the decision because she had just recently changed her address during the time of the determination and was having trouble with her mail.

---

[35] *Hartman v. Unemployment Ins. Appeal Bd.*, 2004 WL 772067, at *2 (Del. Super. Apr. 5, 2004)(quoting *Lively v. Dover Wipes Co.*, 2003 WL 21213415, at* (Del. Super. May 16, 2003)).
[36] *Id.*
[37] *See Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225-26 (Del. 1991).

8

Unfortunately, the record is void of any evidence substantiating Appellant's mere assertion that she did not receive the mail. A mere denial of receipt is insufficient to defeat the presumption in Delaware that "mailed matter, *correctly addressed, stamped and mailed, was received by the party to whom it was addressed.*"[38] The Claims Deputy certified that the determination was sent first class mail to Appellant's address. Appellant did not submit any evidence to show that she had recently changed her address or that she made any attempts to inform the Department of Labor of the possibility that she may have trouble receiving mail. Appellant has not claimed that an administrative error by the Department caused her appeal to be untimely. Moreover, there are no unique circumstances in this case to suggest that the Board should have exercised its discretion to review the untimely appeal. Therefore, the Court finds that the Board did not commit an abuse of discretion.

## Conclusion

For the foregoing reasons, the decision of the Board is **AFFIRMED.**

**IT IS SO ORDERED.**

*/s/Calvin L.Scott*
**Judge Calvin L. Scott, Jr.**

---

[38] *Windom v. William C. Ungerer, W.C.*, 903 A.2d 276, 282 (Del. 2006).