# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WALTER ROBBINS,               :

                         :

         Appellant,         :    C.A. No. K15A-07-001 JJC

     v.                       :    In and For Kent County

                         :

UNEMPLOYMENT INSURANCE   :

APPEALS BOARD, AND        :

AMAZON.COM.DEDC INC.       :

                         :

         Appellees.        :

***Upon Consideration of Appellant's Appeal from the Unemployment Insurance Appeal Board - AFFIRMED***

## ORDER

**AND NOW TO WIT**, this 25th day of January, 2016, upon consideration of the record and the briefing by the parties, **IT APPEARS THAT**:

1. Before the Court is the *pro se* appeal of Appellant Walter Robbins (hereinafter "Appellant") from the decision of the Unemployment Insurance Appeals Board (hereinafter "the Board" or "the UIAB"). Robbins sought unemployment compensation from his employer Amazon.com.DEDC Inc. (hereinafter "Amazon") after termination of his employment on December 16, 2014. After review of the record and the parties' submissions, the Court Affirms the decision of the UIAB.

2. The evidence presented at the various levels through the administrative process is not in dispute. Namely, Robbins was injured in an automobile accident on

November 11, 2014, and restricted from work by a doctor's note through December 11, 2014. Robbins returned to work on December 16, 2014. On that day, Robbins determined he was not able to perform his work tasks so he left. He provided no doctor's note excusing him from work from Amazon after the one excusing him through December 11, 2014.

3. Based on this evidence, the Claims Deputy found that Robbins voluntarily quit without good cause which was affirmed by the Appeals Referee. Finally, after a May 13, 2015 hearing, the UIAB affirmed the Referee's decision, holding that when Robbins voluntarily left his employment, he was disqualified from receipt of unemployment benefits pursuant to 19 *Del. C.* § 3314(1). Robbins filed a timely appeal to Superior Court pursuant to 19 *Del. C.* § 3323.

4. Pursuant to 19 *Del. C.* § 3323(a), the Superior Court's jurisdiction is limited to a review for errors of law, together with a limited factual review. Namely, the review is "limited to the question of whether there is substantial evidence in the record to support the Board's findings and whether such findings are free from legal error. In such an appeal, this Court does not weigh the evidence, determine questions of credibility, or make its own factual findings."[1]

5. The Board applied the correct legal standard below. Namely, 19 *Del. C.* §

---

[1] *Murphy & Landon, PA v. Pernic*, 121 A.3d 1215, 1222 (Del. 2015).

3314(1) provides that an individual is disqualified for unemployment benefits if they "left work voluntarily without good cause. . . ." In this context, the burden of proving good cause is on the claimant.[2]

6. The Court finds substantial evidence on the record that Robbins voluntarily quit his employment. Moreover, the burden below was on Robbins to establish his good cause for leaving Amazon. The record establishes that the only work excuse note presented to the employer ran through December 11, 2014. Robbins left Amazon's employ of his own accord on December 16, 2014, citing an inability to perform required work due to his injuries. At no time thereafter did Robbins provide a doctor's excuse to his employer. Furthermore, although at some point through the hearing process, Robbins provided a single physical therapy note evidencing an initial evaluation dated January 20, 2015, there was no doctor's excuse ever provided. The physical therapy note includes only his self report to the therapist, on that single day, that he was unable to work. The Board's decision that Robbins did not meet his burden of proof is supported by substantial evidence.

---

[2] *Longobardi v. Unemployment Ins. Appeal Bd.*, 287 A2d 690, 692 (Del. Super. 1971), *aff'd* 293 A.2d 295 (Del. 1972).

**NOW THEREFORE**, for the reasons cited, the Board's decision is AFFIRMED.

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Judge