IN THE SUPREME COURT OF THE STATE OF DELAWARE

GALE GREEN,              §
                              §     No. 416, 2017
     Appellant Below,       §
     Appellant,             §     Court Below—Superior Court of the
                              §     State of Delaware
     v.                       §
                              §     C.A. No. N17A-02-008
MACY'S and UNEMPLOYMENT    §
INSURANCE APPEAL BOARD,     §
                              §
     Appellees Below,       §
     Appellees.            §

Submitted: February 9, 2018
Decided:    May 1, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## O R D E R

(1)     The appellant, Gale Green, filed this appeal from a Superior Court order dated September 7, 2017, affirming a decision of the Unemployment Insurance Appeal Board disqualifying Green from continuing to receive unemployment benefits.[1] We find no merit to the appeal.[2] Accordingly, we affirm the Superior Court's judgment.

---

[1] Green's employer, Macy's Retail Holdings, did not participate in the administrative proceedings and neither Macy's nor the Unemployment Insurance Appeal Board participated in Green's appeals to the Superior Court and this Court.

[2] In the absence of answering briefs filed by Macy's and the Unemployment Insurance Appeal Board, we have made our decision on the basis of Green's opening brief and the record of both the administrative and Superior Court proceedings.

(2)    Green began receiving unemployment benefits in September 2016 after losing her job as a certified nursing assistant.  In October 2016, Green attended a job fair at Macy's Department Store and was hired the same day as a part-time cashier. Green quit the job later that day when she realized that the job required certain computer skills, which she neither had nor believed she could learn.

(3)    In November 2016, a Claims Deputy disqualified Green from continuing to receive unemployment benefits after determining that Green voluntarily left her job with Macy's without good cause.  Green appealed the Claims Deputy's determination.   At the hearing before the Appeals Referee, Green explained her reasons for leaving the job, testifying:

> I was hired at Macy's, and I explained that I could not use the computer because it was a computer with some other numbers and things on it. So I could not use the computer without help.  So the Macy's personnel gave me a book and told me to go into this room and, you know, start logging in and start doing different things.  So I told the lady I couldn't do it, that I'm not used to the computer, that I've been in nursing for 20-something years.[3]

The Appeals Referee affirmed Green's disqualification from unemployment benefits on the basis that she voluntarily left her employment without good cause.

---

[3] Appeals Ref. Hr'g Tr. at 5 (Nov. 29, 2016).

(4)     Green appealed the Appeals Referee's decision to the Unemployment Insurance Appeal Board and testified at a hearing before the Board.  The Board issued a decision affirming the Appeals Referee's decision.  The Board decided:

> [T]he Claimant voluntarily quit her job after one hour of employment because she felt she could not do the computer work required by the Employer.  The Claimant's reason was personal and insufficient to justify the Claimant's return to the ranks of the unemployed.  As such, the Board finds the Claimant has not met her burden and affirms the Referee's decision.[4]

(5)     Green appealed the Board's decision to the Superior Court.  The Superior Court considered Green's brief on appeal and affirmed the Board's decision.  This appeal followed.

(6)     Our standard of review from a decision of an administrative board is the same as the Superior Court's.[5]   Accordingly, we review the Board's decision here for errors of law and determine whether substantial evidence exists to support the Board's findings of fact and conclusions of law.[6]

(7)     On appeal, Green continues to state that she left the cashier's job at Macy's because she did not know how to use a computer.  She asserts that leaving the job for this reason should not have disqualified her from receiving unemployment benefits because she told Macy's before she was hired that she had

---

[4] *Green*, No. 11045644, (Del. Dep't Labor, UIAB Jan. 27, 2017) (decision).
[5] *Lorah v. Home Helpers, Inc.*, 2011 WL 2112739, at *2 (Del. May 26, 2011) (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965)).
[6] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 781–82 (Del. 2011).

no experience with computers. Green argues that she should not be "held responsible for something that was out of [her] control."[7]

(8)     Under Delaware law, an employee is disqualified from receiving unemployment benefits if the employee voluntarily leaves employment without good cause.[8] The burden of establishing good cause rests with the employee claiming benefits.[9]

(9)     We have held that an employee can establish good cause for voluntarily terminating employment if the employee left the employment "for reasons attributable to issues within the employer's control and under circumstances in which no reasonably prudent employee would have remained employed."[10] But, the employee must have exhausted all reasonable alternatives to resolve the issues before voluntarily terminating the employment.[11]

(10)     In this case, we reviewed the transcripts of the hearings before the Appeals Referee and the Board, the written decisions of the Appeals Referee, the Board, and the Superior Court, and considered Green's opening brief on appeal. We

---

[7] Opening Br. 2.
[8] 19 *Del. C.* § 3314(1) (Supp. 2018).
[9] *Lorah*, at *2 (citing *Longobardi v. UIAB*, 287 A.2d 690, 692 (Del. Super. Ct. 1971), *aff'd* 293 A.2d 295 (Del. 1972)).
[10] *Thompson*, 25 A.3d at 783. An example of these issues and circumstances is when there is a "substantial reduction in wages or hours or a substantial deviation from the original employment agreement to the detriment of the employee." *Lorah*, at *2 (citing *Unemployment Insurance Appeal Board v. Division of Unemployment Insurance*, 803 A.2d 931, 936 (Del. 2002)).
[11] *Thompson*, 25 A.2d at 784–85.

concluded that the Board's decision disqualifying Green from receiving unemployment benefits is supported by substantial evidence and is free from legal error. Although Green's reasons for leaving the job with Macy's may have been in good faith, the record supports the Board's finding that those reasons were personal to Green and thus did not constitute good cause to voluntarily terminate employment.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice