# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KABIR ABUBAKAR,                    )
                                   )
        Appellant,                 )
                                   )
    v.                             )
                                   )    C.A. No. N21A-03-002 CLS
HIGHLINE AFTERMARKET               )
ACQUISITIONS                       )
and                                )
UNEMPLOYMENT INSURANCE             )
APPEAL BOARD                       )
                                   )
        Appellees.                 )

Date Submitted: August 12, 2021
Date Decided:  September 28, 2021

Upon Appellant's Appeal from a Decision of the Unemployment Insurance Appeal
Board. **AFFIRMED.**

## **ORDER**

Kabir Abubakar, Pro Se, Appellant.

Victoria Groff, Esquire, Delaware Department of Justice, Wilmington, Delaware,
19801, Attorney for Appellee, Delaware Unemployment Insurance Appeal Board.

Lauren P. DeLuca, Esquire, Connolly Gallagher LLP, Wilmington, Delaware,
19801, Attorney for Appellee, Highline Aftermarket Acquisitions.

**SCOTT, J.**

1

## INTRODUCTION

Before this Court is Appellant Kabir Abubakar ("Appellant") appeal from the decision of the Unemployment Insurance Appeal Board (the "Board") affirming the decision of the Appeals Referee and finding the Appellant voluntarily left his employment at Highline Aftermarket Acquisitions ("Employer") without good cause in connection with his work, disqualifying him from unemployment benefits. The Court has reviewed the parties' submissions and the record below. For the following reasons, the Board's decision is **AFFIRMED.**

## FACTUAL AND PROCEDURAL CONTEXT

Appellant was employed by Employer from February 3, 2020, until March 24, 2020, at which time Appellant quit because he was experiencing COVID-19 symptoms. At the time he quit, Appellant was employed as a Production Specialist. On May 17, 2020, after having no contact with Employer, Appellant filed for unemployment.

### *Claims Deputy's Determination*

On June 25, 2020, the Claims Deputy found Appellant had the burden, in a resignation situation, to show good cause for quitting on March 24, 2020. The Appellant admitted he quit his employment when he felt sick with symptoms of COVID-19. He never made Employer aware of his symptoms and was not advised to leave employment by a medical provider. The Claims Deputy further found his

leaving to be personal and not attributed to work. The Claims Deputy ruled Appellant was disqualified from receiving benefits pursuant to 19 Del. C. § 3314(1), because Appellant's reason for quitting did not meet the burden of showing good cause, as he did not leave due to a substantial reduction in hours or wages, or a substantial deviation in the original agreement of hire or change in working conditions to Appellant's detriment. Appellant timely appealed the Claim Deputy's determination and added two exhibits to bolster his claim.[1] A hearing was heard before an Appeals Referee on July 28, 2020.

## *Hearing Before the Appeals Referee*

At the hearing, Appellant testified on March 24, 2020, he quit his job after experiencing COVID-19 symptoms. He attested to experiencing flu like symptoms, which caused him to visit the emergency room. No COVID-19 tests were readily available, so it is unconfirmed whether he had the virus. Appellant testified he continued to go to work because he did not have confirmation he had the virus, but when he lost his sense of smell on the job, he quit. He did not inform Employer he suspected he had contracted COVID-19 to not cause "panic". Appellant then had

---

[1] The first exhibit was a copy of "SLOW THE SPREAD PRESIDENT TRUMP'S CORONAVIRUS GUIDELINES FOR AMERICA" telling Americans to stay home if they are sick, issued by the White House and the Centers for Disease Control and Prevention. The second exhibit was a screenshot of Delaware Department of Labor FAQs about eligibility for unemployment if an employee was quarantined.

3

no further contact with Employer. He claims he followed the guidance of healthcare professional or a public official as the government published broadly "If you are sick, stay home" and he is entitled to unemployment benefits because he had to quarantine as published by the Delaware Department of Labor.

*Appeals Referee's Determination*

By decision dated July 27, 2020, the Appeals Referee affirmed the decision of the Claims Deputy. The Appeals Referee found Appellant began experiencing symptoms of COVID-19 and went to the Emergency Room. Appellant was unable to obtain a COVID-19 test to verify his condition. Appellant continued to work until he was unable to smell. He did not want to "panic" his Employer, so Appellant quit and did not contact his Employer from that point on. The Appellant had the burden to prove he left employment for good cause. Under Delaware law, Appellant is required to make a good faith effort to exhaust administrative remedies with his employer before he can be awarded unemployment benefits. The Appeals Referee found it to be undisputed Appellant stopped reporting to work due to his belief he had COVID-19 and did not contact or inform his employer of the circumstances of his absence. Appellant failed to exhaust or even explore administrative remedies with his Employer as he failed to make contact with Employer. The Appeals Referee ruled Appellant left his work voluntarily without good cause attributed to such work and consequently disqualified from receipt of unemployment benefits. On July 30,

4

2020, Appellant appealed the Referee's decision.  A hearing was held before the Board on October 21, 2020.

## *Appeals Board's Decision*

By decision dated December 21, 2020, the Board affirmed the Referee's determination.  The Board agreed Appellant must have first exhausted administrative remedies with Employer and he needed to at least notify employer of the problem and request a solution.  Appellant quit his employment without notifying Employer, Appellant failed to prove "good cause" in quitting his job.  On December 31, 2020, Appellant sent an email to the Board with a request to reargue the merits of his appeal, bringing forth the same evidence and arguments argued at the hearing on October 21, 2020.

## *Appeal Board's Denial of Appellant's Rehearing*

The Board treated Appellant's December 31, 2020, email as request to rehear his appeal.  By decision dated February 19, 2021, the Board denied Appellant request to rehear his appeal.  The Board held it had already heard the argument's Appellant asserted in his re-argument request and did not find his arguments to be persuasive and Appellant had an affirmative duty to inform his employer he was sick before leaving.  This appeal follows.

5

**PARTIES CONTENTIONS**

On appeal, Appellant grounds for his appeal were in deciding the outcome of his case, the Board looked only at the letter of the law, not the spirit of the law. Upon further investigation, the Court understands the spirit of the law to mean what the law intends to serve. Additionally, Appellant's grounds for appeal include the Board treated the COVID-19 pandemic as a normality for the purposes of administrative remedies, the Board ignored directives it gave to claimants in its FAQs arguing no requirement was imposed to insist on informing one's employer about a health condition that he could not provide proof for, and the Board treated COVID-19 as an issue that a typical employee has all the answers for.

In Appellant's Opening Brief, filed on June 23, 2021, Appellant argues he voluntarily quit for good cause because his work environment presented a "hazardous condition", and he abandoned his job due to "clearly necessitous and compelling" personal circumstances because his "health issues were time sensitive." In support of his arguments, Appellant relies solely on the Maryland Unemployment Decisions Digest, found on Maryland Government Department of Labor, Licensing & Regulation, which does not bind this Court. This Court considered the administrative caselaw cited, however, the facts of the caselaw cited does not address issues similar to COVID-19 and the circumstances presented before this Court.

6

The Board advised the Court by letter it would not file an Answering Brief because the Board understands Appellant "is challenging the Board's decision on its merits." As such, the Board does not intend to participate further in this appeal.

Appellee Employer filed an Answering Brief on July 13, 2021. Employer argues the Board's findings of fact are supported by substantial record evidence as every factual finding relevant to the Board's decision were admissions by Appellant. Employer further argues the Board's conclusions of law are free from legal error because the Board correctly held under 19 Del. C. § 3314(1) Appellant needed to first exhaust all reasonable alternatives to resolve the problem before voluntarily leaving. Appellant failed to notify employer of his problem before quitting.

Appellant filed a Reply Brief on July 27, 2021, which did not set forth any further arguments, rather rehashing the previous points made.

**STANDARD OF REVIEW**

On appeal from the Unemployment Insurance Appeal Board, the Superior Court must determine if the Board's factual findings are supported by substantial evidence in the record and free from legal error.[2] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] *Unemployment Ins. Appeal Bd. v. Duncan*, 621 A.2d 340, 342 (Del.1993).

conclusion."[3]  The Court must review the record to determine if the evidence is legally adequate to support the Board's factual findings.[4]  The Court does not "weigh evidence, determine questions of credibility or make its own factual evidence findings."[5]

When a discretionary ruling of the Board is appealed, the Court's scope of review is "limited to whether the Board abused its discretion."[6]  In this instant case, this Court will review the Board's decision to determine whether the Board's refusal to reconsider Appellant's appeal was an abuse of discretion.

## DISCUSSION

In administrative appeals cases, this Court has recognized that it may "exhibit some degree of leniency toward a pro se litigant to see his case is fully and fairly heard."[7]  However, pro se litigants are still expected to adhere to the rules and requirements of this Court.[8]  "There is no different set of rules for pro se plaintiffs,

---

[3] *Histed v. E.I. duPont de Nemours & Co.*, 621 A.2d 340, 342 (citing *Olney v. Cooch*, 425 A.2d 610, 614 (1981)).

[4] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del.1965).

[5] *Id.* at 67.

[6] *Funk v. Unemployment Ins. Appeal Bd.*, Del.Supr., 591 A.2d 222, 225 (1991).

[7] *Jackson v. Unemployment Ins. Appeal Bd.*, 1986 WL 11546, at *2 (Del.Super.Sept. 24, 1986).

[8] See *Von Fegyverneky v. CFT Ambulance Serv.*, 2012 WL 2700464, at *3, n.17 (Del.Super. June 28, 2012) citing *Draper v. Medical Center of Delaware*, 767 A.2d 796, 799 (Del.2001).

and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate an unrepresented plaintiff."[9]

**I. The Board's Decision is Supported by Substantial Evidence.**

The issue before the Court is whether the Board erred when it found Appellant quit without good cause in connection to his work, subsequently denying unemployment benefits. Under 19 Del. C. § 3314(1), an individual will not qualify for unemployment benefits if the individual leaves their employment "voluntarily without good cause attributable to such work…."[10] The former employee hears the burden of proof to establish entitlement to benefits.[11] "Good cause" is illustrated where "(i) an employee voluntarily leaves employment for reasons attributable to issues within the employer's control and under circumstances in which no reasonably prudent employee would have remained employed, and (ii) the employee first exhausts all reasonable alternatives to resolve the issues before voluntarily terminating his or her employment."[12] The Board's decision Appellant quit without good cause rests on his failure to exhaust all reasonable alternatives before he

---

[9] *Draper v. Medical Center of Delaware*, 767 A.2d 796, 799 (Del.2001).
[10] 19 Del. C. § 3314(1).
[11] *Longobardi v. Unemployment Ins. Appeal Bd.*, 287 A.2d 690, 692 (Del. Super. Ct. 1971).
[12] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 782-83 (Del. 2011).

9

voluntarily left. For an individual to exhaust all reasonable alternatives before voluntarily terminating his or her employment,

> the employee must at least notify the employer of the problem and request a solution. The employee "must also bring the problem to the attention of someone with the authority to make the necessary adjustments, describe the problem in sufficient detail to allow for resolution, and give the employer enough time to correct the problem."[13]

The Board's decision that Appellant quit without good cause was supported by substantial evidence. Before rending its decision, the Board reviewed the following evidence: the evidence presented to the Referee, the Referee's Decision, Appellant's Notice of Appeal of the Referee's Decision, and the testimony of the hearing held on October 21, 2020. Among the evidence before the Board in this case was Appellant's own testimony admitting he did not contact Employer when he quit due to the development of COVID-19 symptoms in March 2020. It is undisputed Appellant did not contact Employer regarding his reason for leaving and explained he did not contact his Employer because he would not get medical leave if requested as the Employer's medical leave policies did not comply with his hesitancy.

The Board appropriately applies 19 Del. C. § 3314(1). To be entitled to employment benefits, Appellant had the burden to prove he left his employment with

---

[13] *Id.* at 785 quoting *Calvert v. State, Dept. of Labor & Workforce Develop.*, *Empl. Sec. Div.*, 251 P.3d 990, 1001–1002 (Alaska 2011).

good cause attributed to his work.  For Appellant to have proven good cause, he must have exhausted all reasonable administrative remedies and at the very least, Appellant needed to inform of his employer of his situation before leaving.  It is undisputed he did not even contact Employer when or even after Appellant decided to leave his employment.

**II. The Board's decision to deny Appellant's request for rehearing is not an abuse of discretion.**

A ruling on a motion for a rehearing is entirely within the Board's discretion.[14] Therefore, the Board's decision will be reversed only if the Board abused its discretion by acting "arbitrarily or capriciously" or by "exceed [ing] the bounds of reason in view of the circumstances and ignor[ing] recognized rules of law or practice so as to produce injustice."[15]  Here, the Board denied a rehearing because, as the Board found, it had already heard the arguments Appellant wanted to reiterate and the Board did not find those arguments to be convincing.  Therefore, there was

---

[14] *Straley v. Advance Staffing, Inc.*, 984 A.2d 124 (Del. 2009) citing *Tesla Indus., Inc. v. Bhatt*, 2007 WL 2028460, at \*2 (Del.Super. June 28, 2007); see also *Funk*, 591 A.2d at 225 ("Section 3320 grants the Board wide discretion over the unemployment insurance benefits appeal process."); 19 Del. C. § 3321(a); UIAB Rule 7.1 ("The grant or denial of a motion for rehearing is solely within the discretion of the Board.").

[15] *PAL of Wilmington v. Graham*, No. CIV.A. 07A-05-008JRJ, 2008 WL 2582986, at \*4 (Del. Super. Ct. June 18, 2008) quoting *Nardi v. Lewis*, 2000 WL 303147, at \*2 (Del.Super.Ct. Jan.26, 2000).

no basis for the Board to exercise its discretion and hear re-argument on the same issues brought before the Board with no proffer of additional evidence.

## CONCLUSION

The Board did not abuse its discretion by disqualifying Appellant from unemployment benefits because there is substantial evidence to support the conclusion Appellant quit without good cause. The Board did not err as a matter of law. The Board also did not abuse its discretion in denying Appellant's request to reargue his appeal. Accordingly, the decision of the Board is **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
The Honorable Calvin L. Scott, Jr.